**Frank E. SIPLE, Petitioner,**

v.

**William H. BANNAN, Warden, State Prison of Southern Michigan, Jackson, Michigan, Respondent.**

No. 17626.

United States Court of Appeals
Sixth Circuit.

Sept. 12, 1958.

Frank E. Siple, Jackson, Mich., appellant, in pro. per.

Before STEWART, Circuit Judge.

STEWART, Circuit Judge.

Frank Siple is confined under a sentence of life imprisonment imposed by a Michigan court upon his plea of guilty of having murdered his daughter by poison. An application in the district court for a writ of habeas corpus was denied after a hearing in which Siple and witnesses on his behalf were fully heard, and he was represented by counsel. There is now before the undersigned a motion for the issuance of a certificate of probable cause to appeal. 28 U.S.C.A. § 2253. Such a certificate was denied by the district judge, who nevertheless commendably ordered that a transcript of the proceedings in the district court be made available at government expense for the purpose of the present motion.

Although this is a sad and puzzling case, a painstaking examination of the voluminous documents submitted by Siple and the transcript of the hearing in the district court leaves me convinced that Siple's confinement is not the result of any denial of Federal Constitutional

rights. Siple's guilty plea in the Michigan court stemmed from an oral confession he had made to state officers the previous day. That this confession occurred while he was without counsel is clear. That he had asked for and been denied counsel is asserted. Even if the assertion be true, the denial of counsel at that time did not of itself constitute a Constitutional deprivation. Crooker v. State of California, 357 U.S. 433, 78 S.Ct. 1287, 2 L.Ed.2d 1448; Cicenia v. La Gay, 357 U.S. 504, 78 S.Ct. 1297, 2 L.Ed.2d 1523.

Siple's further contentions that his confession was coerced, and that he was denied the effective assistance of counsel in subsequent judicial proceedings are simply not supported by the record. No physical coercion, trickery, or fraud in obtaining the confession are alleged, but only Siple's subjective concern for his wife's predicament in the event he did not confess. As to the second contention, the record shows that Siple was represented by a lawyer of his own or his family's choosing at the time preliminary examination in the justice court was waived, and also at the arraignment and sentence in the circuit court.

The motion for a certificate of probable cause is denied.