Joseph L. Guerin *vs.* Commonwealth.

Suffolk. October 7, 1959. — November 10, 1959.

Present: Wilkins, C.J., Ronan, Spalding, & Williams, JJ.

*Constitutional Law,* Assistance of counsel, Due process of law. *Practice, Criminal,* Assistance of counsel.

A defendant represented at a trial for serious offences by competent and experienced counsel whom he had chosen "not less than about ten days before the trial" and with whom he had conferred "at least three or four times before trial" was not unconstitutionally denied the right to consult his counsel during the trial where it appeared that, although he was led by a court officer to believe that he could not at a particular time speak to his counsel, he "could have spoken with his counsel or gotten messages to him at recess and before and after court, with or without an application to the judge or during trial on an application to the judge and that no unreasonable interference with communication was attempted or took place."

Petition for a writ of error, filed in the Supreme Judicial Court for the county of Suffolk on September 19, 1956.

The case was heard by *Whittemore*, J.

*Monroe L. Inker*, for the petitioner.

*John Warren McGarry*, Assistant Attorney General, for the Commonwealth.

RONAN, J. This proceeding on a writ of error comes before us upon an exception of the plaintiff in error (hereinafter called the petitioner) to an order of a single justice of this court affirming judgments of the Superior Court.

The petitioner was tried in 1953 on five indictments: two charging him with incest with his niece on different dates in 1952, two charging him with statutory rape of her on those dates, and one charging the commission of unnatural and lascivious acts with her on divers occasions in 1952 and 1953. He was found guilty on three indictments, one of incest, one of statutory rape, and one of unnatural and lascivious acts, and was sentenced to varying terms in the State prison. The Appellate Division of the Superior Court later ordered that the sentences run concurrently. G. L. c. 278, §§ 28A–28C, inserted by St. 1943, c. 558, § 1, as amended. Both at the trial and before the Appellate Division the petitioner was represented by experienced counsel and no effort was made to bring the cases before this court by the ordinary methods of report or of exceptions. Nor was any motion made to bring the cases within G. L. c. 278, §§ 33A–33G, as amended, in order to make available to the petitioner a transcript of the evidence, although the testimony at the trial was taken by a court stenographer.

Sometime after the time for report or exceptions had elapsed, the petitioner filed the petition for a writ of error. The petition set out in sixty-four numbered paragraphs various alleged injustices before and during his trial and alleged fifty-five assignments of error. The petitioner moved, before the single justice, that he be furnished without cost a copy of the transcript of his trial. The order of the single justice granting the motion on the basis of *Griffin* v. *Illinois*, 351 U. S. 12, was reported to this court and was reversed on the ground that our procedure, unlike the Illinois procedure considered by the Supreme Court in the *Griffin*

case, provides alternate methods by which a defendant may secure adequate appellate review. *Guerin* v. *Commonwealth*, 337 Mass. 264. The assignments of error related to numerous alleged errors at the trial and deprivations of constitutional rights before and during trial. Of these we said: "Many . . . relate to alleged errors . . . not open on writ of error. Several make vague and sweeping suggestion of violation of rights under the Constitution of the United States or under our own Constitution. Having in mind that there was representation by experienced counsel at the trial, and that this counsel acted to have the sentences reduced, but took no steps to bring the cases here, we think that there should be something more than such a broad general charge wholly lacking in specification before it becomes essential to provide the transcript of the trial proceedings for the prosecution of this writ of error" (p. 269). Apparently in an attempt to bring before us "something more" specific, the petitioner urged, at the hearing on the merits, that he was deprived of a right to consult with counsel during his trial. Although this matter is not the subject of an assignment of error, it is set forth in substance in the paragraph of the petition numbered 45 which reads as follows: "Your petitioner was forced to remain shackled in the prisoners dock during his trial and was denied by his guard, Mr. Turner, Chief Bailiff of the Court, the right to consult with his attorney on matters of importance." None of the other complaints in the petition is now urged and we treat them as waived.

The gravamen of the petitioner's present complaint is that he was prevented by a court officer during the course of his trial from consulting with his counsel, specifically so that he might give his counsel a bill of sale which, he claims, would have proved that he did not own the truck in which the crimes were alleged to have been committed at the time in question and so that he might show that various witnesses were not telling the truth. It appears, however, from facts alleged in the petition (paragraph numbered 64) that the bill of sale was in fact introduced in evidence and an instruc-

tion given as to its evidentiary character.  Paragraph 64
alleges that that instruction was inadequate.

The fundamental character of the right of a person accused
of a serious crime to have the aid and advice of counsel is
recognized under the Fourteenth Amendment to the Con-
stitution of the United States and in our own Constitution,
art. 12 of the Declaration of Rights.  It has been the subject
of numerous decisions.  *Powell* v. *Alabama,* 287 U. S. 45,
68–71, and cases cited.  *Snyder* v. *Massachusetts,* 291 U. S.
97.  *Johnson* v. *Zerbst,* 304 U. S. 458.  *Avery* v. *Alabama,*
308 U. S. 444, 445.  *Michel* v. *Louisiana,* 350 U. S. 91, 100.
*Moore* v. *Michigan,* 355 U. S. 155, 159, and cases cited.  See
concurring opinions in *Spano* v. *New York,* 360 U. S. 315,
320; *Lindsey* v. *Commonwealth,* 331 Mass. 1; *Jones* v.
*Commonwealth,* 331 Mass. 169, 171; *Commonwealth* v.
*Locke,* 335 Mass. 106, 111.  It is a right upon which the
essential element of fairness in the administration of justice
depends.  We are of opinion, however, that in the instant
case the petitioner was in no sense deprived of that right.
The petitioner was represented by competent and experi-
enced counsel of his own choosing engaged "not less than
about ten days before the trial" and with whom he con-
ferred "at least three or four times before trial."  The single
justice, by whose findings of fact we are bound, *Common-
wealth* v. *Blondin,* 324 Mass. 564, 566, found, after a hearing
on the merits, that the petitioner was during the course of
the trial led to believe by the court officer's words and acts
that he could not at that precise time speak to his counsel.
The single justice drew the inference — and on the facts
set out in the bill we think it was warranted — "that the
petitioner could have spoken with his counsel or gotten
messages to him at recess and before and after court, with
or without an application to the judge or during trial on an
application to the judge and that no unreasonable inter-
ference with communication was attempted or took place."

We recognize that it may be of value to a defendant in a
criminal case to be able to communicate orally with his
counsel in the course of a witness's testimony, for he may

have information which may aid counsel in examining the witness. Ordinarily, however, his counsel is in control of the examination of witnesses and the tactics he wishes to employ and normally is far more skilful in the conduct of the defence than is the defendant. On the facts found by the single justice and the inferences drawn by him we cannot say that any right of the petitioner was infringed. He could have asked permission of the presiding judge to communicate with his counsel on a matter of importance, but he did not do so. And we cannot assume that, had such a request been made, the presiding judge would not have granted the request (if it did not appear that it was made for the purpose of delaying or obstructing the progress of the trial). No denial of the petitioner's right to counsel has been shown. *Crooker* v. *California*, 357 U. S. 433, 438–439. *Cicenia* v. *Lagay*, 357 U. S. 504, 508–509. *Siple* v. *Bannan*, 260 F. 2d 550, 551. See *Allen* v. *Commonwealth*, 324 Mass. 558; *Commonwealth* v. *Blondin*, 324 Mass. 564; Annotation, 2 L. ed. 2d 1644.

*Exceptions overruled.*