*James T. Anderson*, pro se.
*Richard P. Melick* for the defendants.

ARTHUR T. ODSEN *v.* COMMONWEALTH. May 3, 1972. This is a petition for a writ of error to review judgments of conviction in a criminal case. After the decision in *Odsen* v. *Moore*, 445 F. 2d 806 (1st Cir.), the petition was heard on the merits before a single justice who made findings, rulings and an order that the judgments be affirmed. The case comes here on the petitioner's exceptions. Two errors were assigned: that he was denied his right under the Sixth and Fourteenth Amendments of the Constitution of the United States to effective assistance of counsel (1) because of the antagonism of the defences between the petitioner and his co-defendant during their criminal trial and (2) because of his counsel's failure to perfect an appeal from the judgments resulting from that trial. The single justice found that he wilfully and intelligently discharged his attorney from further service to him immediately after the jury verdicts, that he was at all material times fully aware of his appellate rights, and that he had no desire for appellate review of the verdicts except as a long delayed afterthought more than two years after the verdicts. Cf. *Wynn* v. *Page*, 369 F. 2d 930, 932–933 (10th Cir.). As he waived before the single justice his assignment of error concerning the antagonism of defences, these findings are dispositive of the petition and defeat the claim of error assigned. See *Dolan* v. *Commonwealth*, 304 Mass. 325, 346; *Guerin* v. *Commonwealth*, 339 Mass. 731, 734. Like the single justice, we also reviewed the transcript of evidence at the trial of the indictments to determine the merit of the exceptions taken at the trial and find no rulings which constitute reversible

Rescript Opinions.

error. The alleged admissions of the petitioner received in evidence were made after warnings by the police which met the standards of *Malloy* v. *Hogan*, 378 U. S. 1, 8, and *Escobedo* v. *Illinois*, 378 U. S. 478, 490–491. As the trial preceded the decision in *Miranda* v. *Arizona*, 384 U. S. 436, the standards of that decision need not be applied. *Johnson* v. *New Jersey*, 384 U. S. 719, 733–736. Other exceptions related to various points of evidence, most of which rested in discretion. There is no reasonable possibility that the evidence admitted subject to the latter exceptions contributed to the convictions, and its admission, therefore, was at most harmless error. *Schneble* v. *Florida*, 405 U. S. 427, 430.                    *Exceptions overruled.*

*Alexander Whiteside, II* (*Reuben Goodman* with him) for the petitioner.

*Charles E. Chase*, Assistant Attorney General, for the Commonwealth.