COMMONWEALTH *vs.* RODERICK A. MACDOUGALL. December 9, 1974. The defendant, having been convicted of rape, appeals under G. L. c. 278, §§ 33A-33G. Several of the defendant's seven assignments of error have been expressly waived, therefore, we need not consider them. 1. The defendant assigns as error the judge's instruction to the jury that the force required for rape is that which is necessary to effect the act of intercourse itself. While this statement standing alone may be an inadequate or incorrect definition of force under the circumstances of this case, "the defendant cannot rely upon a single passage which when lifted from its context may be inaccurate. The impression created by the charge as a whole constitutes the test." *Commonwealth* v. *Aronson,* 330 Mass. 453, 457 (1953). *Commonwealth* v. *Kelley,* 359 Mass. 77, 92 (1971). *Commonwealth* v. *Benders,* 361 Mass. 704, 707 (1972). *Commonwealth* v. *Dominico,* 1 Mass. App. Ct. 693, 720-721 (1974). Viewing the charge as a whole, we think that the judge's instructions made it clear that, in order to convict the defendant, the jury were required to find that the intercourse was accomplished either by actual physical violence or by a threat of violence which put the victim in fear of her life or safety. See now St. 1974, c. 474, §§ 1 and 7. Therefore, there was no reversible error. 2. There was no error in the judge's refusal to give two instructions requested by the defendant concerning the extent of the victim's resistance as it related to the issue of consent. Even if requested instructions are correct, the judge need not grant them if their substance has been adequately covered in the charge. *Commonwealth* v. *Aronson, supra,* at 458. *Commonwealth* v. *Monahan,* 349 Mass. 139, 170-171 (1965). *Commonwealth* v. *DeChristoforo,* 360 Mass. 531, 540 (1971). The extent of the charge is left to the discretion of the judge. *Commonwealth* v. *Monahan, supra,* at 171. We have reviewed the charge and find that it was sufficient with respect to the matter of the victim's resistance. *Commonwealth* v. *McDonald,* 110 Mass. 405 (1872). See *State* v. *Beck,*

368 S. W. 2d 490, 493 (Mo. 1963); *State* v. *Primes,* 275 N. C. 61, 67 (1969); *Larkins* v. *State,* 230 Ga. 418, 423 (1973); Perkins, Criminal Law, 162-163 (2d ed. 1969). 3. The defendant was asked on cross-examination whether, at the time of his arrest, he made certain characterizations of the victim testified to by a police officer. After the defendant made a denial, the judge allowed the prosecutor to ask: "So that when the officer says that you did say it, he is not correct?" The defendant claims that this was prejudicial error because he was being asked to comment on the credibility of the officer. The scope and extent of cross-examination are within the sound discretion of the judge (*Commonwealth* v. *Gettigan,* 252 Mass. 450, 463 [1925]; *Commonwealth* v. *Bonomi,* 335 Mass. 327, 354 [1957]; *Commonwealth* v. *Flynn,* 362 Mass. 455, 470 [1972]). Assuming the admission of the question to have been improper, coupled with the defendant's answer, it was harmless error. *Commonwealth* v. *Libby,* 358 Mass. 617, 620-621 (1971). *Odsen* v. *Commonwealth,* 361 Mass. 890 (1972). *Commonwealth* v. *A Juvenile,* 364 Mass. 103, 105 (1973).

*Judgment affirmed.*

*William P. Homans, Jr.,* for the defendant.

*Philip T. Beauchesne,* Assistant District Attorney, for the Commonwealth.