COMMONWEALTH *vs.* JACK SEGAL. April 8, 1975. The defendant, a licensed pawnbroker, has invoked appellate review pursuant to G. L. c. 278, § 31, of his conviction on three indictments for receiving stolen property. All three indictments were tried together, jury waived. The defendant's claim that there was not sufficient credible evidence to sustain a conviction is without merit. The admitted thief, one Gregory Johnson, testified that he sold the items to the defendant. He also testified to certain conversations between himself and the defendant from which it could have been inferred that the defendant knew the items were stolen, including the defendant's advising Johnson where to get more merchandise and instructing him to sign different names and addresses on the required signature cards. Even if we were to accept the defendant's argument that a thief and a receiver of stolen property bear a relationship to each other essentially equivalent to that of accomplice and principal (see *Commonwealth* v. *Savory*, 10 Cush. 535, 537 [1852]; *Commonwealth* v. *Fine*, 321 Mass. 299, 302-303 [1947]; but see *People* v. *Lima*, 25 Cal. 2d 573, 576-577 [1944]); and even if it were true that the testimony of Johnson was the only evidence of the defendant's knowledge that the property was stolen; and even if this were a case (as the defendant claims) in which the testimony of the thief was completely uncorroborated, we would still be faced with the rule that a principal can be convicted on the uncorroborated testimony of an accomplice. *Commonwealth* v. *French*, 357 Mass. 356, 396 (1970), judgments vacated as to death penalty, sub nom. *Limone* v. *Massachusetts*, 408 U. S. 936 (1972). *Commonwealth* v. *Dominico*, 1 Mass. App. Ct. 693, 720 (1974). Contrast *Commonwealth* v. *DeBrosky*, 363 Mass. 718, 727-730 (1973). In this case the credibility of Johnson was for the determination of the judge, as the trier of fact, and he was

free to credit some portions of that testimony and discredit others. See *Commonwealth* v. *Davis,* 284 Mass. 41, 51 (1933); *Commonwealth* v. *Holiday,* 349 Mass. 126, 129 (1965). Evidence regarding previous dealings or of a course of dealing in stolen merchandise between the thief and the defendant was properly admitted, not for the purpose of proving commission of other crimes, but for the purpose of showing knowledge and intent on the part of the defendant with respect to the stolen items he was charged with receiving. *Smeltzer* v. *State,* 243 Ind. 437, 438-439 (1962). *Martin* v. *Commonwealth,* 276 S.W. 2d 19, 20-21 (Ky. 1955). *Wilkerson* v. *State,* 265 P. 2d 739, 744 (Okla. Crim. 1954). *Lanier* v. *State,* 172 Texas Crim. App. 238, 239-240 (1962). Wigmore, Evidence, §§ 324-325 (3d ed. 1940). See also *Commonwealth* v. *Abbott Engr. Inc.* 351 Mass. 568, 572-573 (1967); *Commonwealth* v. *Deschamps,* 1 Mass. App. Ct. 1, 2-4 (1972); *United States* v. *Brand,* 79 F. 2d 605, 606 (2d Cir. 1935), cert. den. 296 U. S. 655 (1936). The defendant also excepted to another evidentiary ruling of the judge. Assuming the matter admitted lacked relevance, its admission was harmless. See *Commonwealth* v. *Libby,* 358 Mass. 617, 620-621 (1971); *Odsen* v. *Commonwealth,* 361 Mass. 890 (1972).

*Exceptions overruled.*

*Bernard A. Dwork* for the defendant.

*William A. Doherty,* Assistant District Attorney, for the Commonwealth.