COMMONWEALTH *vs.* BOBBY RAY KINES.

Suffolk.    September 15, 1977. — September 30, 1977.

Present: HALE, C.J., KEVILLE, & GRANT, JJ.

*Identification.    Evidence,* Other offense, Relevancy and materiality.

At a criminal trial, evidence of a prior crime was admissible where it was relevant to the question of the defendant's identity and was not so prejudicial to the defendant as to require its exclusion.    [633-635]·

INDICTMENTS found and returned in the Superior Court on December 13, 1974.

The cases were tried before *McLaughlin,* C.J.

*Stephen L. Saltonstall  (Joyce Perkit Zalkind* with him) for the defendant.

*Thomas J. Mundy, Jr.,* Assistant District Attorney, for the Commonwealth.

KEVILLE, J.    The defendant appeals under G. L. c. 278, §§ 33A-33G, from convictions after a jury trial in the Superior Court on indictments for kidnapping, armed robbery and rape. The defendant offered an alibi. Those assignments of error which the defendant has briefed and argued challenge the admission of certain evidence bearing upon identification of him as the perpetrator of the crimes. Other assignments of error not having been argued are deemed waived. *Commonwealth* v. *Caine,* 366 Mass. 366, at 367, n.1 (1974). *Commonwealth* v. *Deschamps,* 1 Mass. App. Ct. 1, 5 (1972).

The question presented is whether the trial judge abused his discretion in the admission of evidence of prior criminal activity of the defendant which lent support to his identification as the perpetrator of the crimes for which he was then being tried. Pertinent evidence may be summarized as follows.

On the night of August 26, 1974, three teenage girls

Commonwealth *v*. Kines.

hitchhiking home to Newton after attending a festival in the North End of Boston accepted a ride from a young man driving a blue Econoline van with orange license plates and flowered curtains. During their ride with him, the driver asked directions to "Cabot Street." Thereafter, he stopped the van, locked the doors from the outside, drew a pistol, tied the girls inside the van and drove off. At some point he stopped the vehicle, forced one of the girls to have intercourse with him, took two rings from one of the others and then released them somewhere in Roxbury, blindfolded and tied together.

Two of the girls identified the defendant's picture as that of their assailant from among numerous photographs shown to them by the police one week after the incident and each of the girls identified the defendant in court during the trial. One of the girls identified police photographs of a van found abandoned in the South End of Boston two days after the incident as the van in which the crimes took place. On cross-examination defense counsel sought to discredit the identification testimony given by the girls by emphasizing the fact that the interior of the van was unlighted and that the van's curtains excluded light from the outside.

To support the identification testimony of the victims, the prosecution, over the defendant's objections, introduced evidence of an earlier robbery which had occurred five days prior to August 26, 1974. From that evidence the jury could have concluded that on August 21, 1974, the defendant had robbed a woman of a valuable diamond ring in the presence of her daughter while operating the same van which was later used in the crimes which led to the present indictments. They could also have concluded that the van had been stolen on the previous day, August 20, and that the defendant had sold the diamond ring to a pawnbroker a few hours following the earlier robbery. The victim, her daughter and the pawnbroker, all made in-court identifications of the defendant. The victim and her daughter had earlier identified the defendant from photographs shown to them by the police. The pawnbroker testified that the defendant had done business with him before under a dif-

ferent name. The descriptions given of the van and of the defendant by the victim and her daughter matched that given by the teenage girls. Evidence which indicated that the van had been stolen was given by the father of its owner and through testimony of the police. The judge instructed the jury at length when the evidence of this earlier robbery was introduced, and more briefly during his charge, that they were to consider this evidence only on the question of the identity of the defendant.

The defendant's claim of error is based on his assertion that evidence of prior crimes is not generally admissible to prove the guilt of the defendant. *Commonwealth* v. *Stone,* 321 Mass. 471, 473 (1947). 1 Wigmore, Evidence §§ 193-194, at 642-652 (3d ed. 1940). He states the rule too broadly. It is true that evidence of prior crimes is generally not admissible to prove the bad character of a defendant. *Stone, supra.* However, evidence which is otherwise relevant is not rendered inadmissible simply because it may tend to prove the commission of another crime. *Commonwealth* v. *Eagan,* 357 Mass. 585, 589-590 (1970). *Commonwealth* v. *Chalifoux,* 362 Mass. 811, 815-816 (1973). *Commonwealth* v. *Caine,* 366 Mass. at 370-371. Relevance to the crime being charged is the basic test of admissibility of evidence involving other crimes. *Eagan, supra* at 589. Such evidence is, for example, admissible to show knowledge, intent or bias. *Commonwealth* v. *Redmond,* 357 Mass. 333, 338 (1970). *Commonwealth* v. *Segal,* 3 Mass. App. Ct. 732, 733 (1975). *Commonwealth* v. *Nichols,* 4 Mass. App. Ct. 606, 610 (1976). *Commonwealth* v. *Campbell,* 371 Mass. 40, 42-43 (1976).

However, evidence of prior crimes, even if relevant to an issue other than character, may be so prejudicial as to require its exclusion. See *Redmond, supra* at 340. If the probative value of such evidence is "outweighed by the danger of prejudice which cannot be corrected by instruction or by reliance on the good sense of the jury, a persuasive argument could be made for exclusion." *Commonwealth* v. *Caine,* 366 Mass. at 371. We do not find that such a situation obtains here.

It is our conclusion that the evidence of the defendant's prior crimes admitted by the judge was relevant to the question of the defendant's identity. The testimony of the victim of the earlier robbery as well as that of her daughter placed the defendant in a van identical in appearance to that described by the three girls. The defendant's inquiry in both instances with respect to the location of "Cabot Street" was significant as was the identification testimony of the pawnbroker in support of that of the eyewitnesses to the earlier crimes. The testimony which identified the van as having been stolen and used in the earlier robbery was relevant to demonstrate the availability to the defendant of the van as a means for the perpetration of the crimes for which he was on trial. *Id.* We conclude that there was no abuse of discretion in the admission of the additional evidence on the issue of identity and that therefore there was no error.

*Judgments affirmed.*