Commonwealth *vs.* Frank Lovell.

Middlesex. November 15, 1977. — March 29, 1978.

Present: Hale, C.J., Keville, & Grant, JJ.

*Practice, Criminal*, Speedy trial, Defendant in custody of another jurisdiction, Double jeopardy, Instructions to jury. *Constitutional Law*, Double jeopardy. *Evidence*, Other offense. *Identification*.

General Laws c. 277, § 72A, does not apply to a prisoner incarcerated in a Federal institution. [174–175]

The defendant's conviction in a Federal court of armed robbery of a federally insured bank while assaulting and putting bank employees in jeopardy by the use of dangerous weapons did not preclude State prosecution, based on the same event, on charges of assault with a dangerous weapon with intent to murder a policeman and a passing motorist, assault and battery on the motorist, receiving a stolen motor vehicle, and possession of a machine gun. [175-177]

Evidence concerning a bank robbery, a crime for which the defendant was not on trial, was admissible at the trial of the defendant for certain offenses committed during the robbery. [177–178]

At the trial of the defendant for offenses committed during a bank robbery evidence was sufficient to allow the jury to infer that the defendant was the named individual to whom witnesses had referred. [178]

Taken as a whole, the judge's charge to the jury at a criminal trial did not dilute the Commonwealth's burden of proving the case beyond a reasonable doubt. [178–179]

Where the judge during a criminal trial had given the substance of an instruction requested by the defendant, he was not required to repeat the instruction in the precise language requested by the defendant. [179]

Indictments found and returned in the Superior Court on February 12, 1974.

The cases were tried before *Mazzone*, J.

*Willie J. Davis* for the defendant.

*Susan C. Mormino,* Legal Assistant to the District Attorney, for the Commonwealth.

KEVILLE, J. The defendant Lovell appeals pursuant to G. L. c. 278, §§ 33A–33G, from convictions on five indictments arising from the armed robbery of a branch of the Suburban National Bank in Woburn on August 9, 1973.[1] Lovell assigns as error the judge's denial of his motion to dismiss the indictments on grounds of former jeopardy and denial of his right to a speedy trial. He also argues reversible error in the judge's admission of certain evidence tending to show his involvement in crimes with which he was not charged in that State prosecution and in the judge's response to the jury's inquiry on the question of joint venture. Relevant facts will be stated to the extent required in the discussion of each issue.

1. *Speedy Trial Claim.*

Lovell was arrested on September 15, 1973, in New York City by Federal agents and shortly thereafter was indicted by a Federal grand jury in Massachusetts for armed robbery of a federally insured bank while assaulting and putting bank employees in jeopardy by the use of dangerous weapons. 18 U.S.C. § 2113(a) and (d) (1970). He was convicted on those Federal charges in October, 1974.

He was indicted in the Superior Court on February 12, 1974, for crimes connected with that bank robbery. He was arraigned on those charges on February 25, 1974, apparently while in the custody of Federal officials. On March 6, 1974, and on August 12, 1974, Lovell filed motions for a speedy trial. Those motions were denied on September 26, 1974, and November 5 was set as a tentative trial date.

The docket reflects no action taken on November 5, 1974. On November 8 and on December 9, 1974, Lovell filed motions to dismiss for "denial of constitutional right

---

[1] The Supreme Judicial Court affirmed the convictions of a codefendant, Richard Cepulonis, in *Commonwealth* v. *Cepulonis,* 374 Mass. 487 (1978).

to a fast and speedy trial." On January 27, 1975, a hearing was held at which two of the State indictments were dismissed on former jeopardy grounds. The case was continued to June 5, 1975.

On January 7, 1976, the case was taken from the trial list and continued generally. On May 13, 1976, Lovell was transferred from Federal to State custody at the Commonwealth's request. His trial in the Superior Court began on May 17, 1976, and terminated with convictions on May 24.

Lovell claims that denial of his constitutional and statutory rights to a speedy trial requires reversal of his convictions. However, he conceded at oral argument before us that he could demonstrate no prejudice resulting from the delay, and consequently that he has no constitutional claim to a speedy trial under the balancing test of *Barker* v. *Wingo*, 407 U.S. 514, 532 (1972). Lovell relies, therefore, upon his claim under G. L. c. 277, § 72A.

However, § 72A does not apply to persons who are incarcerated in Federal institutions as was Lovell. Section 72A, by its terms, applies only to defendants imprisoned in Massachusetts facilities. Its provisions direct correctional officials to perform specific functions in aid of an incarcerated defendant who asserts his right to a speedy trial. They are required to notify a prisoner of any untried indictments against him and they must forward to the court a prisoner's application for a speedy trial accompanied by a certificate prepared by the forwarding official himself. Manifestly, the Massachusetts Legislature could not impose those duties upon Federal correctional officers.

An interpretation of § 72A as applying solely to prisoners of this Commonwealth is compelled by the existence of the Interstate Agreement on Detainers, St. 1965, c. 892. That agreement created a mechanism analogous to that of § 72A. However, the agreement expressly applies to persons imprisoned in other jurisdictions.[2] It recognizes

---

[2] The United States is a party to the agreement. Appendix to Mass. Gen. Laws Ann. c. 276, § 1-1 (Supp. 1977–1978).

and resolves problems, for example, of the transfer of custody between jurisdictions to which § 72A does not address itself. Thus, there appears a comprehensive statutory scheme to assure the speedy trial of indictments pending against defendants in the custody of the Commonwealth (§ 72A) and those in the custody of authorities of other jurisdictions (the agreement). *Commonwealth* v. *McGrath*, 348 Mass. 748 (1965), lends no support to Lovell's argument that § 72A is applicable to Federal prisoners. Indeed *McGrath*, in which the question of a speedy trial was decided upon constitutional grounds, recognized that § 72A applies to State prisoners only.[3] A defendant, incarcerated in a Federal prison, cannot rely upon § 72A for relief.[4]

2. *Former Jeopardy.*

Lovell's assertion of former jeopardy is almost identical to that rejected by the Supreme Judicial Court in affirming his codefendant's conviction. See *Commonwealth* v. *Cepulonis,* 374 Mass. 487, 490-497 (1978). In October, 1974, Lovell and his codefendant Cepulonis were tried and convicted in the United States District Court for the District of Massachusetts of robbing a federally-insured bank while assaulting and putting bank employees in jeopardy by the use of dangerous weapons. 18 U.S.C. § 2113(a) and (d) (1970). He was indicted in the Superior Court for unlawful possession of a machine gun without

---

[3] In *McGrath* the court stated: "Were the defendant serving a sentence in a correctional institution in this Commonwealth he would, both under art. 11 [of the Declaration of Rights] and by statute (see G. L. c. 277, § 72A, inserted by St. 1963, c. 486), have the right, if he requested it, to a prompt trial on the pending indictments. But a different problem is presented where, as here, the defendant is serving a sentence in a Federal prison. In such a situation the Commonwealth has no right to secure the presence of the defendant before our courts." 348 Mass. at 750.

[4] The defendant has not argued that his right to a speedy trial under the agreement has been denied, and the record does not contain facts necessary to a determination of its applicability.

permission under G. L. c. 140, § 131, for receipt of a stolen motor vehicle, for assault with intent to murder a policeman who pursued him following the robbery, and for assault with a dangerous weapon and assault and battery on a motorist whose car was fired upon during the pursuit. Two additional indictments returned against him for armed robbery (G. L. c. 265, § 17) and confining or putting in fear for the purpose of stealing (G. L. c. 265, § 21) were dismissed by the trial judge on the ground of former jeopardy.

There is no constitutional impediment to State prosecution of a defendant for crimes previously prosecuted by Federal authorities. However, Massachusetts scrutinizes such subsequent State prosecutions under the "same evidence" test applied in Commonwealth v. Gallarelli, 372 Mass. 573, 577–578 (1977); see Kuklis v. Commonwealth, 361 Mass. 302, 306 (1972); Commonwealth v. Cepulonis, 374 Mass. at 490. In Cepulonis, the Supreme Judicial Court expressly rejected the "same transaction" rule relied upon by the defendant in the instant case. Ibid.[5]

Applying the "same evidence" test, Lovell's former jeopardy claim must fail. He was convicted in the Superior Court of assault with a dangerous weapon with intent to murder a policeman and a passing motorist, assault and battery upon the motorist, receiving a stolen motor vehicle and possession of a machine gun. The Federal prosecution required no proof of the defendant's interaction with the pursuing officer or the motorist; nor did it involve the receipt of a stolen motor vehicle. His conviction by the Commonwealth for possession of a machine gun required proof that he had not received permission to carry the weapon under G. L. c. 140, § 131. No such

---

[5] The Supreme Judicial Court noted that the "same transaction" test is particularly inappropriate where, as here, the prior prosecution took place in another jurisdiction. Commonwealth v. Cepulonis, 374 Mass. at 497.

proof was required for conviction on the Federal indictments.[6]

3. *Evidence of Other Crimes.*

Lovell claims reversible error in the judge's admission of evidence concerning the bank robbery, a crime for which Lovell was not on trial. The challenged evidence was testimony relating to the division of the profits of the robbery, to silver certificates taken during the robbery, some of which were later found in Lovell's possession, and to a stolen Mustang automobile used in the escape from the bank.

The standard governing admission of such evidence is settled: "[E]vidence of other offenses is admissible when substantially relevant to the offense charged; inadmissible when its relevance is insignificant; and, in borderline cases, admissible when its relevance outweighs the undue prejudice that may flow from it, but otherwise inadmissible." *Commonwealth* v. *Deschamps*, 1 Mass. App. Ct. 1, 3 (1972), and cases cited. The evidence of other crimes which was challenged by Lovell was substantially relevant to the crimes for which he was then being charged. He was being tried for possession of a machine gun which was used during the bank robbery in which silver certificates were stolen. The Mustang was used as a "switch car" in the escape from the bank. All of this evidence involved a single transaction which included the crimes of which Lovell was charged and was useful in establishing his possession of the machine gun.

A judge has broad discretion in determining whether the probative value of evidence of other crimes outweighs the prejudicial effect of that evidence. *Commonwealth* v. *Burke*, 339 Mass. 521, 534 (1959). *Commonwealth* v. *Deschamps*, 1 Mass. App. Ct. 1, 3 (1972). We find no abuse of discretion here. *Commonwealth* v. *Bys*, 370 Mass. 350,

---

[6] Unlike the codefendant Cepulonis, the defendant was not convicted in a Federal court of knowing possession of a firearm. Compare *Commonwealth* v. *Cepulonis*, 374 Mass. at 488-489.

360–361 (1976). See *Commonwealth* v. *Jones*, 373 Mass. 423, 426–427 (1977). The judge minimized any prejudicial effect of the admission of the evidence of other crimes by his frequent interruption of the trial to instruct the jury to limit their consideration of the challenged evidence. See *Commonwealth* v. *Caine*, 366 Mass. 366, 371 (1974); *Commonwealth* v. *Cepulonis*, 374 Mass. at 498-499; *Commonwealth* v. *Kines*, 5 Mass. App. Ct. 632, 635 (1977).

4. *Identification, Instructions and Response to the Jury's Inquiry.*

Lovell assigns as error the judge's denial of his motion to dismiss because no witness identified Lovell in court. We treat the motion as one for a directed verdict. Lovell cites no authority in support of this argument. Actually, one witness did identify him in court and connected him to the events leading to the bank robbery; and during trial there were constant references to "the defendant, Lovell," and photographs taken of the robbers by bank cameras, including one person identified as Lovell, were admitted in evidence. This evidence, viewed in its light most favorable to the Commonwealth, was sufficient to allow the jury to infer that the defendant was the Frank Lovell to whom the witnesses referred. The judge properly denied the motion. *Commonwealth* v. *Beckett*, 373 Mass. 329, 341 (1977). *Commonwealth* v. *Gallagher*, 4 Mass. App. Ct. 661, 662 (1976).

Lovell asserts that the judge erred in instructing the jury on reasonable doubt. However, the defendant failed to object or take exception to that portion of the charge, thus waiving his right to appellate review of that alleged error. *Commonwealth* v. *Blow*, 370 Mass. 401, 407 (1976). *Commonwealth* v. *Peters*, 372 Mass. 319, 324 (1977). Even if Lovell had preserved his right to challenge the instruction on reasonable doubt, the instruction did not amount to reversible error. Without referring to specific types of important decisions from the lives of the jurors (see *Commonwealth* v. *Ferreira*, 373 Mass. 116, 129 [1977]), the charge did contain an undesirable sentence referring to

the Commonwealth's duty to supply "such proof as you would be willing to rely upon and act upon in the most important decisions of your own affairs." However, the judge specifically emphasized to the jury the requirement of "moral certainty" in reaching a decision. We conclude that the charge, viewed as a whole, did not in any way dilute the Commonwealth's burden of proving the case beyond reasonable doubt. See *Commonwealth* v. *Gilday*, 367 Mass. 474, 497–498 (1975); *Commonwealth* v. *Fielding*, 371 Mass. 97, 116–117 (1976).

Again without citation of authority, Lovell argues that the judge erred in answering the jury's inquiry concerning the definition of a joint venture. The judge, over the defendant's objection, refused to include in his response to the jury a statement concerning the knowledge required to establish a joint venture. However, the substance of the requested instruction had been given during the trial, and the judge was not required to repeat the instruction in the precise language requested by the defendant. *Commonwealth* v. *Rooney*, 365 Mass. 484, 494–495 (1974).

*Judgments affirmed.*