COMMONWEALTH *vs.* BOBBY RAY KINES. November 4, 1982. 1. We pass the question whether any judge could have been required to entertain any of the grounds of the amended motion for a new trial (see *Common-wealth* v. *Pisa,* 384 Mass. 362, 366-367 [1981]) because it is clear from a review of the trial transcript (see *Commonwealth* v. *Kines,* 5 Mass. App. Ct. 632 [1977]), the motion, the affidavit in support thereof, and the transcript of the hearing thereon that each of the grounds of the motion which are still pursued was properly rejected for at least one of the reasons

given by the judge who heard and denied the motion following the retirement of the trial judge. 2. So much of the foregoing motion as should have been framed and separately advanced under Mass.R.Crim.P. 29(a), 378 Mass. 899 (1979), was properly denied because not timely filed (see *Aldoupolis* v. *Commonwealth,* 386 Mass. 260, 268, 271, 274, 275 [1982]; *Commonwealth* v. *Layne,* 386 Mass. 291, 295-296 [1982]) and because the record fails to support the defendant's assertion that the severity of any of his sentences was increased by reason of the trial judge's consideration of any of the untried indictments which were then pending against the defendant. See *Commonwealth* v. *LeBlanc,* 370 Mass. 217, 220-223 (1976); *Commonwealth* v. *Settipane,* 5 Mass. App. Ct. 648, 653-654 (1977); *Commonwealth* v. *O'Connor,* 7 Mass. App. Ct. 314, 321 (1979). 3. The motion judge properly declined to dismiss indictment no. 86788 by reason of a supposed violation of G. L. c. 277, § 72A, as in effect prior to its repeal by St. 1979, c. 344, § 42. It is clear from the docket entries concerning the defendant's arraignment on that indictment and his plea thereto that he was given timely notice of its pendency, and it is admitted in the defendant's brief before us that "he never filed an application under § 72A" prior to its repeal. See *Commonwealth* v. *Campbell,* 5 Mass. App. Ct. 571, 575 (1977); *Commonwealth* v. *Clady,* 6 Mass. App. Ct. 447, 449-450 (1978); *Commonwealth* v. *Jones,* 11 Mass. App. Ct. 969, 971 (1981), *S.C.,* 385 Mass. 12 (1982). We note that no motion appears to have been filed under Mass.R.Crim.P. 36(b), 378 Mass. 909 (1979). 4. The orders denying both motions are affirmed.

*So ordered.*

*Daniel E. Callahan* for the defendant.

*Muriel Ann Finnegan,* Assistant District Attorney, for the Commonwealth.