COMMONWEALTH *vs.* THABIT QIYAM MADYUN.[1]    December 30, 1983.
*Rape. Identification. Evidence*, Other offense. *Practice, Criminal*, Judicial discretion.

After a jury trial the defendant was convicted on four counts of aggravated rape and one count of armed robbery. The defendant's only argument on appeal is that the judge abused his discretion in admitting testimony of two victims of subsequent rapes on the issue of identification of the defendant as the rapist in this case.[2] The defendant concedes that the evidence was relevant and probative on the question of identification but argues that its probative value was outweighed by its prejudicial effect.

It is well established that evidence of independent crimes may not be admitted to show that the defendant is guilty of the crime for which he is currently on trial. See, e.g., *Commonwealth* v. *Stone*, 321 Mass. 471, 473 (1947); *Commonwealth* v. *Imbruglia*, 377 Mass. 682, 695 (1979);

---

[1] Formerly known and indicted as Larry D. Ingram.

[2] The defendant had been convicted of those rapes in separate trials prior to the trial in this case. He did not testify in this case and, therefore, those prior convictions were not before the jury. See G. L. c. 233, § 21.

*Commonwealth* v. *King,* 387 Mass. 464, 469 (1982); *Commonwealth* v. *Kines,* 5 Mass. App. Ct. 632, 634 (1977). The rule has been held to require the exclusion of prior sexual offenses with different victims. See *Commonwealth* v. *Welcome,* 348 Mass. 68, 70-71 (1964); *Commonwealth* v. *Sylvester,* 388 Mass. 749, 755-757 (1983). Compare *Commonwealth* v. *Machado,* 339 Mass. 713, 715 (1959) ("'[W]hen a defendant is charged with any form of illicit sexual intercourse, evidence of the commission of similar crimes [against the same victim] . . . if not too remote in time, is competent to prove an inclination to commit the act charged in the indictment . . . and is relevant to show the probable existence of the same passion or emotion at the time in issue.' *Commonwealth* v. *Bemis,* 242 Mass. 582, 585 [1922]"); *Commonwealth* v. *King, supra* at 469-473 (evidence of unlawful sexual acts with the victim's brother held admissible). However, evidence of unconnected crimes may be admitted for other relevant probative purposes. See *Commonwealth* v. *Chalifoux,* 362 Mass. 811, 815-816 (1973); *Commonwealth* v. *Davis,* 376 Mass. 777, 788 (1978); *Commonwealth* v. *Hollyer,* 8 Mass. App. Ct. 428, 430 (1979); Liacos, Handbook of Massachusetts Evidence 420-422 (5th ed. 1981 & Supp. 1983). See also Fed.R.Evid. 404(b); Proposed Mass.R.Evid. 404(b). One such purpose is for proof of identity of the defendant. See *Commonwealth* v. *Lacy,* 371 Mass. 363, 366 (1976); *Commonwealth* v. *Rhoades,* 379 Mass. 810, 819-820 (1980); *Commonwealth* v. *Kines, supra.* Cf. *Commonwealth* v. *Murphy,* 282 Mass. 593, 597-600 (1933). In exercising discretion whether to admit such evidence the trial judge must weigh its relevance and probative value against the danger of unfair prejudice "which cannot be corrected by instruction or by reliance on the good sense of the jury." *Commonwealth* v. *Caine,* 366 Mass. 366, 371 (1974). *Commonwealth* v. *Chalifoux, supra* at 816. *Commonwealth* v. *Kines, supra* at 634.

The defendant's theories of defense were misidentification and alibi. During the trial his counsel focused on misidentification and offered testimony from the defendant's girlfriend, who said that he was with her at the time of the commission of the crimes charged.

There were striking similarities in the unconnected crimes and the subject crimes, all of which were committed within a two-week time span, in the same area, and at about the same time of day. Each victim was approached in the same manner, the knife used was the same, the rapes were of a distinctive character, and certain expressions used by the perpetrator in each instance were substantially the same. There were no witnesses to the subject crimes to support the victim's identification of the defendant. The testimony of the victims of the other crimes was relevant and highly probative on the question of identification of the defendant in this case. It is clear from the transcript that the judge, in deciding to admit the evidence, engaged in the required process of weighing the probative value of the evidence against any unfair prejudice to the defendant. Before the

testimony of the first victim of the unconnected rapes the judge carefully and forcefully instructed the jury that they were not to consider evidence of unrelated rapes on the question of the defendant's guilt in this case but only on the question of identification of the defendant. (The judge also made reference in this instruction and in his final charge to the relevance of the evidence to a "common scheme or pattern" but in context this may fairly be read, and, we think, understood by the jury, to mean evidence relevant to identification; the defendant does not argue to the contrary.) In his final charge the judge again exhorted the jury not to consider this evidence on the question of guilt in the case, but only on identification. The judge excluded certain evidence with respect to the other crimes which he ruled was not relevant to the issue of identification. While we think the question is close, we conclude that there was no abuse of discretion. See *Commonwealth* v. *Caine, supra; Commonwealth* v. *Chalifoux, supra; Commonwealth* v. *Kines, supra.*

*Judgments affirmed.*

*Geraldine Hines* for the defendant.

*Charles M. Campo, Jr.,* Assistant District Attorney, for the Commonwealth.