COMMONWEALTH *vs.* FRANK LOVELL. July 9, 1985. *Practice, Criminal,* Sentence, Postconviction relief, New trial.

1. The defendant argues that his sentences were illegal in that the trial judge sentenced him "for what was not done rather than what was done." He points specifically to a portion of the sentencing hearing in which the judge stated:

"As to the reasons why I am imposing the sentences I am imposing, which are substantially, I think, larger than the Commonwealth recommended, it is because through no fault of these defendants we are not here trying two murders; it was only a matter of inches that Mrs. Moselonas was not murdered and/or [*sic*] that Mr. Gibbons was not murdered."

The codefendant, Richard A. Cepulonis, who was sentenced at the same hearing, also challenged that statement. What we said in considering that challenge, *Commonwealth* v. *Cepulonis*, 18 Mass. App. Ct. 919, 920 (1984), applies equally here: "Manifestly the trial judge did not sentence Cepulonis for murder. He merely commented on the reckless use of machine guns by the defendant to explain why" he was imposing sentences larger than what the Commonwealth had recommended.

2. Citing *United States* v. *Tucker*, 404 U.S. 443, 447 (1972), the defendant also claims that the sentence was illegal because it was based on misinformation. He argues that in imposing sentence the trial judge relied on a conviction which was subsequently vacated on the ground that the defendant had not been represented by counsel.

In order to challenge successfully a presumptively valid sentence on the basis of the *Tucker* case, a defendant must show that his sentence was enhanced by reason of the prior conviction which was subsequently rendered invalid. *Farrow* v. *United States*, 580 F.2d 1339, 1345 (9th Cir. 1978) (en banc). *Commonwealth* v. *Guerro*, 14 Mass. App. Ct. 743, 746 (1982). The judge made clear that the severity of the crime weighed heavily in the

severity of the sentence. Although he also referred to the defendant's background as "too discouraging to discuss any feasible plan of rehabilitation," the record of the sentencing hearing does not suggest any enhancement by reason of the vacated conviction. The defendant's criminal record, apart from the vacated conviction, was lengthy[1] and was known to the trial judge, as it was adduced at trial when the defendant took the stand. We have reviewed the defendant's testimony at trial (although it was not included in the record appendix), which described the defendant's then current activities.[2]

3. The defendant has not shown error in the rejection by the motion judge of his claims based on (1) an absence of a presentencing report and (2) a failure to show him the classification report of the Department of Correction.

The defendant has not given us a clear record of what was before the judge, see *Commonwealth* v. *Whitford*, 16 Mass. App. Ct. 448, 454 (1983), and it may be that the classification report contained the material which would have appeared in a presentencing report. See *id*. The defendant was given full opportunity to present any mitigating circumstances, and, even now, he does not point to any material which should have been presented to the judge.

The record fails to show any contemporaneous request for access to the classification report or a claim of error on this ground in the defendant's appeal from his convictions. It is too late to raise this issue now. In any event, the claim is not one which would call for "appellate interference" with a trial judge's performance of his "grave sentencing responsibilities." *Commonwealth* v. *McJunkin*, 11 Mass. App. Ct. 609, 620 (1981).

4. An examination of the two affidavits presented in support of the defendant's motion for a new trial on the ground of newly discovered evidence indicates that there was no error in denying the motion. The Kelleher affidavit, even if admissible, only indicated that the defendant was involved in a scheme of supplying machine guns. It did not bear on the question whether the defendant was present at the bank robbery and hence was not material. The judge, in view of the codefendant's conviction, could properly discount his affidavit stating that he and the defendant were elsewhere at the time of the bank robbery. No substantial issue requiring a hearing was raised by the motion. See *Commonwealth* v. *Stewart*, 383 Mass. 253, 254 (1981).

---

[1] His first conviction was at age fourteen.

[2] The defendant was asked:
Q. "And you are a trafficker in illegal guns?"
A. "I provide a service."
Q. "You provide a service?"
A. "Yes."
Q. "To those who seek to avail themselves of that service, is that correct?"
A. "If somebody wants a gun, I will get him a gun."

5. The motion to set aside the sentence for want of a speedy trial was properly denied. The issue had previously been determined against the defendant on statutory grounds. *Commonwealth* v. *Lovell*, 6 Mass. App. Ct. 172, 174-175 (1978). It is not open to the defendant now to proceed on constitutional grounds, as he conceded at oral argument on his original appeal that he could not demonstrate prejudice in the delay. *Lovell, supra* at 174.

In any event, there was no error in the judge's ruling that the defendant's showing at this late stage was insufficient. Cf. *Barker* v. *Wingo*, 407 U.S. 514, 532 (1972). In his motion, the defendant made a bare claim of a "degree of prejudice in that witnesses in his behalf living in Ohio could not be located . . . . "

> *Orders denying motions for*
> *postconviction relief*
> *affirmed.*

*Frank Lovell*, pro se.
*Karen J. Kepler*, Assistant District Attorney, for the Commonwealth.