Bobby Ray Kines appeals from the order denying his second postconviction motion for access to evidence and forensic testing, and from the order denying his amended motion for postconviction discovery, both pursuant to G. L. c. 278A. We affirm.
Background. Kines was previously convicted of rape, armed robbery, and three counts of kidnapping.[3] ,[4] Pursuant to Kines's first motion for forensic testing in 2014, a judge ordered that deoxyribonucleic acid (DNA) testing be conducted on two cigarette butts that were located in the ashtray of the van where the rape occurred. The results indicated that the DNA from the cigarette butts came from an unknown male, excluding Kines as a possible contributor. Kines's current appeal concerns his second motion made under G. L. c. 278A where he asked for additional DNA testing on the same cigarette butts, specifically for a DNA phenotype snapshot report and composite profile, as well as an amended motion for postconviction discovery of numerous documents. In the second c. 278A motion, Kines claimed that additional DNA testing from the cigarette butts would result in evidence that is material to the perpetrator's identification due to the inconsistent descriptions of the suspect made by the victims. A different judge denied Kines's motions without a hearing as well as his motions for reconsideration, citing largely the reasons in the Commonwealth's opposition for the denials. This appeal followed.
Discussion. 1. Standard of review. We consider de novo the question whether Kines's motion and supporting affidavits meet the requirements of G. L. c. 278A, § 3. Commonwealth v. Wade, 467 Mass. 496, 506 (2014). In order to obtain a hearing under G. L. c. 278A, § 3, a defendant's motion must meet "the preliminary criteria set forth in G. L. c. 278A, § 3." Wade, supra at 501. See Commonwealth v. Clark, 472 Mass. 120, 123 (2015). These preliminary criteria include information outlined in G. L. c. 278A, § 3 (b ). Wade, supra at 502. See G. L. c. 278A, § 3 (b ) (1)-(5). A defendant "is only required 'to point to the existence of specific information that satisfies the statutory requirements' and need not make an evidentiary showing by a preponderance of the evidence" (citation omitted). Clark, 472 Mass. at 130. Kines argues that he has met the criteria through his motion and supporting documents. We disagree because there is no "information demonstrating that the analysis has the potential to result in evidence that is material to the moving party's identification as the perpetrator of the crime in the underlying case." G. L. c. 278A, § 3 (b) (4).
2. Analysis. In deciding whether Kines has met his threshold burden under G. L. c. 278A, § 3 (b ) (4), "it is necessary to consider only whether the test results could be material to the question of the identity of the person who committed the criminal act of which the moving party was convicted." Wade, 467 Mass. at 508. Kines is not required to "establish a 'reasonable probability of a more favorable result at trial' " had the testing been conducted, id. at 507 ; rather, "the critical inquiry is whether such testing has the 'potential' to result in material identification evidence." Commonwealth v. Lyons, 89 Mass. App. Ct. 485, 495 (2016). See Wade, supra ("what is relevant is that the DNA testing has the potential to produce a result that is material to [a defendant's] identification as the perpetrator of the rape").
Here, Kines argues that the victims initially identified the perpetrator as a male with "medium complexion," but later described a male with "dark complexion." Where the defendant is of dark complexion, he believes that DNA phenotyping on the cigarette butts will have the potential to identify a third-party perpetrator by creating a profile that shows the medium complexion of the DNA contributor on the cigarette butts. Any test results from the cigarette butts, however, would not be material to the question of the identity of the person who committed the rape because there is no factual connection between these cigarette butts and the crime. There is nothing in the record that suggests that the perpetrator smoked cigarettes -- let alone on the night of the crime -- and none of the victims testified that the perpetrator was smoking in the van. Indeed, the evidence carried even less weight because the van was stolen, which could reasonably explain why another male's DNA was found on the cigarette butts.[5]
Kines also failed to provide an affidavit of "someone with 'personal knowledge of the factual basis of the motion.' " Id. at 502, quoting G. L. c. 278A, § 3 (b ). Kines claims that the additional testing he is seeking will help identify the pigmentation of the complexion of a third-party perpetrator, but provides no expert affidavit that such testing will be able to determine this. Compare Clark, 472 Mass. at 132-133 (defendant submitted affidavit from doctor that DNA testing, of kind requested, on knife used during the crime could reveal biological material from perpetrator).
In conclusion, in the absence of any reason to believe that the perpetrator used the cigarette butts on the night of the crime, Kines failed to show that the requested "analysis has the potential to result in evidence that is material to the moving party's identification as the perpetrator of the crime." G. L. c. 278A, § 3 (b ) (4). See Clark, 472 Mass. at 127-128. Kines's motion was properly denied without a hearing.[6] See G. L. c. 278A, § 3 (e ).
As to Kines's amended motion for discovery pursuant to G. L. c. 278A, § 7, we agree with the Commonwealth's position that the items sought do not fall within the purview of G. L. c. 278A, as these documents cannot be subjected to analysis.[7]
Posttrial orders dated August 4, 2017, affirmed.

The armed robbery conviction subsequently was dismissed.

The facts surrounding these crimes are summarized in Commonwealth v. Kines, 5 Mass. App. Ct. 632, 632-634 (1977), cert. denied, 434 U.S. 1076 (1978). For purposes of this appeal, the panel need not recite those facts.

Where DNA testing has already been conducted on these cigarette butts, excluding Kines as a contributor, his due process argument is without merit.

Because the judge denied Kines's motion without a hearing, she was not required to make findings of fact and conclusions of law. See G. L. c. 278A, § 7 (a ). Accordingly, the defendant's argument concerning the judge's failure to make such findings is without merit.

To the extent that we do not address Kines's other contentions, they "have not been overlooked. We find nothing in them that requires discussion." Commonwealth v. Domanski, 332 Mass. 66, 78 (1954).