NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-187

COMMONWEALTH

vs.

CLAUDE BOLLING.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant was found guilty after a bench trial of violating an abuse prevention order, in violation of G. L. c. 209A, § 7, witness intimidation, in violation of G. L. c. 268, § 13B, and assault and battery, in violation of G. L. c. 265, § 13A (a). There is no transcript of the trial due to an issue with the recording system in the Pittsfield District Court on the day of the defendant's trial.

Pursuant to Mass. R. A. P. 8 (c), as appearing in 481 Mass. 1611 (2019), the defendant filed a motion to reconstruct the proceedings of his bench trial. He filed a proposed statement of proceedings.

Inexplicably, the Commonwealth failed to file any response. The judge made no alterations or additions of any kind to the proposed statement of proceedings and approved the defendant's proposed statement of proceedings. The statement of proceedings approved by the judge explicitly states that the defendant's counsel was unable to recall certain details of the proceedings, including whether there were any objections during either direct or cross-examination of the Commonwealth's two witnesses, and, as relevant here, the answer of the complaining witness to a question about her prior drug use.

The defendant filed an appeal from his convictions. That appeal was stayed so that he could bring a motion for a new trial in the trial court, which he did, and which was denied. He also filed a notice of appeal from that denial. The two appeals have been consolidated and are now before us.

1. <u>Facts</u>. These facts are taken from the statement of proceedings approved by the judge. This case arose from an alleged altercation between the defendant and the victim outside of the victim's home in the early morning hours of November 17, 2019. The victim and the defendant had previously been in a romantic relationship, but the victim had recently obtained an abuse prevention order against the defendant. The victim testified that, at roughly 2:00 <u>A</u>.<u>M</u>. on the morning in question,

2

she looked out her window and saw the defendant standing on her front porch. She went out to speak with him, and he asked her to drop the restraining order. In her account, she told him that she would not do so, and he became upset and struck her in the face three times. She testified that she had brought her purse with her when she went outside to speak with the defendant, and that she dropped it when he struck her. According to the victim, after striking her, the defendant left, taking her purse and her cell phone battery with him. The victim's parents came to see her later that day and called the police to report the incident. Officer Jason Costa of the Lanesborough police department responded. Officer Costa testified that, when he spoke with the victim, he saw a contusion under her eye. During cross-examination, defense counsel asked the victim about her history of drug use, but as discussed, the reconstructed record does not reflect her answer. Defense counsel also asked the victim about her relationship with her parents, and the victim admitted that she had a troubled relationship with her parents and was working on repairing it.

In contrast, the defendant testified that the victim had called him earlier in the night, stating that she wanted to get high with him. He declined, and the victim became angry and

hung up the phone.  The defendant testified that he did not go to the victim's house on the morning of November 17.

Based on his testimony and the victim's responses on cross-examination, defense counsel's theory at trial was that the alleged interaction between the defendant and the victim at the victim's house did not occur and that the victim was lying about this incident to conceal from her family that she had relapsed on drugs.

2.  Discussion.  a.  The reconstructed record.  The defendant asserts in his appeal from the denial of his new trial motion that trial counsel was ineffective in failing to investigate the complaining witness's family situation and history of drug use.  See Commonwealth v. Saferian, 366 Mass. 89, 96 (1974) (test for ineffective assistance of counsel is "whether there has been serious incompetency, inefficiency, or inattention of counsel -- behavior of counsel falling measurably below that which might be expected from an ordinary fallible lawyer -- and, if that is found, then, typically, whether it has likely deprived the defendant of an otherwise available, substantial ground of defence").  "The duty to investigate is one of the foundations of the effective assistance of counsel," Commonwealth v. Long, 476 Mass. 526, 532 (2017), and we will assume, without deciding, that the failure to investigate here

4

indeed fell below what might have been expected of an ordinary fallible lawyer, satisfying the first prong of the Saferian test. See Saferian, supra. To succeed on his claim, however, the defendant must also satisfy the second prong by demonstrating prejudice from any such failure. See id.

The defendant argues that the reconstructed record is inadequate to allow for appellate review of his claim that his trial counsel provided ineffective assistance, and that, therefore, the lack of an adequate transcript violated his due process rights under both the State and Federal Constitutions. See Mayer v. Chicago, 404 U.S. 189, 198 (1971); Commonwealth v. Harris, 376 Mass. 74, 77-78 (1978). We disagree.

In this case, the defendant argues that we do not know the complaining witness's response to a question about her prior drug use. The defendant testified that on the night of his alleged violation of the abuse prevention order held against him by the complaining witness, she had, in fact, called him and asked him to get high with her and that he declined to do so. Subsequently, Officer Costa noticed, when he responded to her house, that she had a contusion on her face. The defendant's theory at trial was that the victim had relapsed on drugs, that her injury occurred that evening when she went out without him

in order to get high, and that she was lying about her encounter with the defendant to hide this relapse from her family.

The defendant argues that the failure to investigate amounted to ineffective assistance of counsel because the information that would have been discovered through proper investigation would have been useful in two ways and that the inability so to use it prejudiced him.

The first way is that, if the complaining witness denied any prior drug use, she could have been impeached with it, and her credibility would have been degraded. Even assuming the witness would have answered as the defendant suggests, in this case the judge had already explicitly found parts of her story not credible; specifically, while announcing the verdict, the judge stated that she did not find the victim's testimony about the defendant taking her purse and cell phone battery credible. In light of that, we do not think the effect of such further lying about her drug use raises "a serious doubt whether [the result] would have been the same had the defense been presented." Commonwealth v. Millien, 474 Mass. 417, 432 (2016).

A second, and more complex, suggestion made by the defendant is that further investigation would have revealed information about the victim's family situation that would have

6

shown she had a motive to lie to her parents about the origin of the bruise.

The defendant reasons that investigation would have uncovered not only her drug use, but that she had lost custody of her child due to drug use. The defendant then argues that if her parents, and therefore her sister, who had custody of her child at the time of the alleged altercation, had discovered that she was again taking drugs, they would have restricted her access to her child. Therefore, the theory goes, in order to avoid that, she needed a different explanation for the injury, that it was not a consequence of renewed drug use. Thus, the defendant argues, she had a motive to lie and blame the defendant for her injury that would have been uncovered with a proper investigation.

The problem with this argument is that it relies on a great deal of speculation. If the defendant had discovered posttrial sufficient facts to support this theory, his argument might have some force. However, there is no evidence in the record about whether the complaining witness represented to her family that she was sober during the period leading up to the events at issue in this case, nor is there evidence whether her parents or her sister thought she was. Likewise, there is no evidence about what contact the victim was allowed to have with her child

7

by her sister, nor was there any evidence about how that might have been affected by information that she was, in fact, engaged in using drugs.

Consequently, we are unpersuaded by the defendant's argument. Because on this record the defendant would not have been able to prove his claim of ineffective assistance of counsel even had the complaining witness given the utterly false answer to the question about drugs, which is to say the best possible answer from the defendant's point of view, the absence of a transcript did not deprive him of due process.

We note that, as the judge made no corrections or additions to the actual reconstructed record, see Harris, 376 Mass. at 79; Mass. R. A. P. 8 (c), we do not, in reaching our conclusion, rely on any of the judge's statements in her decision on the motion for a new trial about what she knew at the time of trial about the complaining witness's prior use of drugs, or on any other facts that go beyond the reconstructed record.

b. Constructive denial of counsel. The defendant also argues that he was constructively denied his right to counsel. His trial was one of the first to take place in person after our courts reopened during the COVID-19 pandemic. As a health and safety measure, rather than allowing the defendant and counsel to sit together at defense counsel's table, where the distance

8

between them would have been two feet, the defendant was placed in a chair approximately six to ten feet to the left of the defense table, roughly parallel to or slightly behind where his attorney was sitting.

Although he was handcuffed, the defendant was instructed by the judge to raise his hand if he wanted to speak with his counsel.  We will assume that the testimony, which the judge appeared to credit, was true that during the bench trial, while the complaining witness was on the stand, the defendant attempted to get the attention of his lawyer.  He raised his hands, as he had been instructed to, but neither the judge nor counsel noticed this.  Indeed, as the Commonwealth concedes, a court officer repeatedly told the defendant to be quiet.

The constructive denial of counsel claim of error is preserved, as counsel did not know about these events until after trial, and the claim was raised at the first possible time, in the motion for a new trial.  See Commonwealth v. Randolph, 438 Mass. 290, 293-294 (2002).

Although a government officer instructing a defendant to stop attempting to speak with his attorney during his trial might seem on its face like a straightforward denial of his right to counsel, we are constrained by the court's decision in Guerin v. Commonwealth, 339 Mass. 731, 733-735 (1959), to

9

conclude that it is not.  In that case, the court held that when a defendant was "prevented by a court officer during the course of his trial from consulting with his counsel," id. at 733, no violation of either the Federal or State constitutional right to counsel occurred.  Id. at 735.  Although one might think that this sixty-six year old case was no longer good law, it was cited with approval in both Vazquez Diaz v. Commonwealth, 487 Mass. 336, 355 (2021), and Commonwealth v. Curran, 488 Mass. 792, 798-799 (2021).

Judgments affirmed.

Order denying motion for new
   trial affirmed.

By the Court (Meade, Rubin, &
   Hand, JJ.[1]),

Clerk

Entered:  August 19, 2025.

---

[1] The panelists are listed in order of seniority.

10