COMMONWEALTH *vs.* ROBERT F. BUDREAU.

Worcester.    May 2, 1977. — June 1, 1977.

Present: HENNESSEY, C.J., QUIRICO, BRAUCHER, KAPLAN, & LIACOS, JJ.

*Receiving Stolen Goods.    Practice, Criminal,* Requests, rulings and instructions.

Where the evidence was not sufficient to permit an inference that articles seized from a defendant had in fact been stolen, he was entitled to a ruling that the evidence was insufficient to warrant conviction on a complaint charging him with receiving stolen goods. [643-644]

COMPLAINT received and sworn to in the Central District Court of Worcester on July 31, 1975.

On appeal, trial by a jury of six having been waived, the case was heard by *George, J.*

*Thomas F. Sullivan, Jr.,* for the defendant.

*Joseph F. Brennan, Jr.,* Assistant District Attorney, for the Commonwealth.

QUIRICO, J.   The defendant was tried and found guilty by a judge of a District Court on a complaint charging he had purchased, received, and aided in the concealment of certain goods and chattels knowing them to have been stolen. He claimed an appeal to a jury of six in the same District Court. When the case was reached for trial on appeal, he waived his claim to a jury, but not his appeal, and was tried before another judge in the same District Court where he had been convicted originally, and was again convicted. This appeal, claim of jury, waiver of jury and second trial were all part of a double trial, single tier procedure seemingly sanctioned by G. L. c. 218, § 27A, inserted by St. 1972, c. 620, § 1, and theretofore by a series of predecessor special statutes. For a comment on this double trial procedure, see *Commonwealth* v. *Henry's Drywall Co.,* 362 Mass. 552, 553 n.2 (1972).

The case is now before us on the defendant's bill of exceptions alleging error in two rulings made during the second trial, one ruling relating to the admission of evidence and the other being the judge's denial of the defendant's motion, filed at the close of all the evidence, "for a directed finding of not guilty." We hold that there was error and reverse.

The defendant's motion "for a directed finding of not guilty" appears to have been intended by him to raise the question of the sufficiency of the evidence to sustain his conviction of the crime charged. The form of the motion used, while appropriate in jury trials, has no standing in a case tried before a judge without jury. *Commonwealth* v. *Carter,* 306 Mass. 141, 142-143 (1940). *Commonwealth* v. *Hull,* 296 Mass. 327, 328-329 (1937). The proper way to raise that question is by a request for a ruling that the evidence is not sufficient to warrant a conviction. However, we may treat the motion in this case as the equivalent of a request for such a ruling, and its denial as the equivalent of a ruling that the evidence warranted a conviction. *Commonwealth* v. *Hughes,* 364 Mass. 426, 427 n.2 (1973). *Commonwealth* v. *Boyajian,* 344 Mass. 44, 48 (1962). *Commonwealth* v. *Binkiewicz,* 339 Mass. 590 (1959). *Com-*

*monwealth* v. *Corcoran,* 332 Mass. 615 (1955). *Commonwealth* v. *Young,* 326 Mass. 597, 598 (1950). *Commonwealth* v. *Capitol Theatre, Inc.,* 325 Mass. 146, 147-148 (1949). *Commonwealth* v. *Slome,* 321 Mass. 713, 714 (1947). *Commonwealth* v. *Goldberg,* 316 Mass. 563, 564 (1944). *Commonwealth* v. *Albert,* 307 Mass. 239, 244 (1940).

Treating the defendant's motion "for a directed finding of not guilty" as a request for a ruling that the evidence was not sufficient to warrant a conviction, we must consider and determine whether the evidence stated in the bill of exceptions, in the light most favorable to the Commonwealth is sufficient to permit the judge to infer the existence of the essential elements of the crime charged in the complaint. See *Commonwealth* v. *Sandler,* 368 Mass. 729, 740 (1975).

One of the elements which the Commonwealth has the burden of proving beyond a reasonable doubt is that the particular articles which the defendant is alleged to have purchased, received, and aided in concealing had in fact been stolen prior thereto. G. L. c. 266, § 60. *Commonwealth* v. *Donahue,* 369 Mass. 943, 949 (1976). The articles consisted of one "G E Stereo AM FM 8 track" unit, model No. SC3205, one "G E Speaker," and one "Audio Aristocrat Speaker," all of which were taken by the police, in the execution of a search warrant, from a room which the defendant's father pointed out to the police as being the room occupied by the defendant. Numerous articles, including some of these three types, had in fact been stolen from a retail store in that community about four months before the police executed the search warrant. The three articles seized by the police bore no serial numbers or other identifying marks or features by which they could be distinguished from any other article of the same model produced by the manufacturers. The three articles in question were not in any cartons or boxes when they were seized by the police and taken to the police station. When the owner of the store was called to the police station to identify the articles they were in cardboard boxes which

bore identifying numbers or marks which he had placed on them as a cost code. He identified the boxes, but he testified that he could not state for certain if the articles in the boxes were in fact any of the items stolen from his store. He could say only that they were of the same type and model numbers and that the boxes in which they were contained at the police station had on them his own identification numbers or marks. The officer did not know where the boxes which were at the police station had come from.

We hold that the evidence thus summarized in the bill of exceptions was not sufficient to permit an inference that the three articles seized by the police under the search warrant had been stolen. The defendant was therefore entitled to a ruling that the evidence was insufficient to warrant his conviction of the crime charged, and his exception to the denial thereof is sustained.

By reason of our conclusion, we do not reach the further question whether it was error for the judge to permit testimony from the police officer that when he went to serve the search warrant the defendant's father pointed out a room in the house as the one occupied by the defendant.

*Exceptions sustained.*

*Judgment for the defendant.*