COMMONWEALTH *vs.* JOHN C. WESLEY.

Middlesex. June 6, 1978. — July 20, 1978.

Present: HALE, C.J., GOODMAN, & GRANT, JJ.

*Evidence*, Relevancy and materiality, Competency. *Practice, Criminal*, Exceptions.

A defendant convicted of larceny arising from his failure to deposit in a telephone coin receptacle the required toll for a telephone call to Ecuador failed to demonstrate error in the admission of evidence of other unpaid for calls to Ecuador, where the bill of exceptions did not contain sufficient recitation of evidence to enable this court to determine the relevancy or competency of the disputed evidence, and did not state that it contained all evidence material to the challenged rulings. [514–515]

At the trial of a defendant for larceny arising from his failure to deposit in a telephone coin receptacle the required $6.90 for a telephone call to Ecuador, the judge erred in allowing a witness to testify that she was investigating a telephone fraud which involved approximately $17,000 in unpaid for calls, including many to Ecuador. [515]

COMPLAINT received and sworn to in the Second District Court of Eastern Middlesex on October 8, 1976.

On appeal to the Superior Court, the case was tried before *Donohue, J.,* a District Court judge sitting under statutory authority.

*Edward J. Moloney* for the defendant.

*James W. Sahakian,* Assistant District Attorney, for the Commonwealth.

HALE, C.J. This case comes before us by way of the defendant's bill of exceptions after his conviction by a jury on a complaint which charged larceny of less than $100. The only error argued is with respect to the admission of certain testimony and exhibits to which the defendant saved his exceptions. The only material in the

bill relevant to those exceptions is set out in the margin.[1] The defendant first contends that the evidence of other calls, at least seventy-two of which were made to Ecuador, was an attempt to prove the commission of the crime charged by proving that he had committed other crimes. He relies on the holding in *Commonwealth* v. *Stone*, 321 Mass. 471, 473 (1947), that "the commission by [the defendant] of an independent crime cannot ordinarily be shown as evidence tending to show the commission of the crime charged." He also contends that it was error to admit evidence of the $17,000 amount involved in the other offenses because that evidence was "devastating" and deprived him of a fair trial.

The bill of exceptions contains no recitation of evidence relating to the circumstances of this case which would permit us to rule whether the quoted principle from the *Stone* case precludes the admission of this evidence of other crimes or whether another principle stated in *Stone* (321 Mass. at 473–474) and in the holdings of many other cases to the effect that evidence of other criminal acts may be admitted if relevant to prove the offense charged was applicable. See *Commonwealth* v. *Blow*, 362 Mass. 196, 201 (1972); *Commonwealth* v. *Baker*, 368 Mass. 58, 85–86 (1975), and cases cited; *Commonwealth* v. *Hoffer*, 375 Mass. 369, 373 (1978); *Commonwealth* v. *Deschamps*, 1 Mass. App. Ct. 1, 3 (1972). Evidence that other calls had

---

[1] "The evidence to support the complaint involved allegations that the defendant made a long distance call to Equador [sic] without depositing the required $6.90 on October 7, 1976. Evidence was adduced relating to the circumstances of the incident on October 7, 1976.

"In addition to the evidence relating to the incident on October 7, 1976, evidence was admitted by the Court relating to numerous other long distance phone calls made to Equador [sic] for which no payment had been received. Gloria M. Piciola was allowed to testify that she was investigating a telephone fraud which involved approximately $17,000.00 and had been in progress for a year. Through this witness, 72 documents were allowed in evidence showing telephone calls which were made to Equador [sic] without money being placed in the telephone coin receptacle."

been made to Ecuador might have been relevant to prove the identity of the defendant, or to show that the charged conduct was part of a single course or scheme to defraud or to steal from the telephone company and that the defendant had the knowledge and intent necessary to prove the crime of larceny. See *Commonwealth* v. *Abbott Engr. Inc.*, 351 Mass. 568, 572–573 (1967); *Commonwealth* v. *Kines*, 5 Mass. App. Ct. 632, 635 (1977). Such evidence might also have been competent to prove a motive. *Commonwealth* v. *Segee*, 218 Mass. 501, 506 (1914). *Commonwealth* v. *Hoffer*, 375 Mass. at 373. Nor is there anything in the bill to indicate any abuse of discretion by the trial judge. The bill does not state that it contains all the evidence material to the challenged rulings. See *Commonwealth* v. *McIntosh*, 259 Mass. 388, 391 (1927), and cases cited. The defendant has thus failed to carry his burden of demonstrating the error claimed in his first contention. Compare *Commonwealth* v. *Klangos*, 326 Mass. 690, 691 (1951).

The defendant's second contention must be considered despite the brevity of the argument in its support and the obvious deficiencies of the bill. As we have stated above with respect to the other calls, the admission of evidence concerning the $17,000 cannot be found on this bill of exceptions to be error if it could have been relevant to the proof of the charge on which the defendant was tried. See *Commonwealth* v. *Rivers*, 307 Mass. 225, 227 (1940). We are at a loss, however, to see how evidence of that amount could have been relevant to the single charge of larceny of $6.90. The most which can be assumed is that that evidence may have had some borderline relevance. In that case the rule set out in *Commonwealth* v. *Blow*, 362 Mass. at 201, should have been applied, and we think the judge should have concluded that the relevance of the evidence was outweighed by its prejudicial effect.

We are unable to conclude that the defendant was not prejudiced by the admission in evidence of the $17,000 amount. Accordingly, his exceptions are sustained.

*So ordered.*