COMMONWEALTH *vs.* ARTHUR BARRETT. December 7, 1978. The defendant appeals under G. L. c. 278, §§ 33A-33G, from his conviction on two counts of receiving stolen goods following a jury trial in the Superior Court. We conclude that there was no error. 1. The trial judge did not abuse his discretion in denying the defendant's pretrial motions for severance and for a continuance. While a defendant's need to obtain exculpatory testimony from a codefendant (the ground advanced in support of the defendant's motion) may in some cases be a proper ground for severance (see *United States* v. *Echeles,* 352 F.2d 892, 897-899 [7th Cir. 1965]; *Byrd* v. *Wainwright,* 428 F.2d 1017 [5th Cir. 1970]; *United States* v. *Shuford,* 454 F.2d 772, 776-777 [4th Cir. 1971]), the judge was not required to sever solely on the basis of the codefendant's affidavit, in which the codefendant denied participating in the alleged offenses or having had any conversation with certain government witnesses and stated that he would testify in the defendant's behalf *only* if the codefendant's trial were severed from and preceded that of the defendant. While such proposed testimony may have had a bearing upon the codefendant's own involvement in the crimes charged or upon the credibility of certain witnesses, there was no showing that the testimony would in fact have exculpated the defendant. See *Commonwealth* v. *Sullivan,* 354 Mass. 598, 606-607 (1968), cert. denied, 393 U.S. 1056 (1969); *Commonwealth* v. *Beneficial Fin. Co.,* 360 Mass. 188, 222 (1971), cert. denied, 407 U.S. 914, and sub nom. *Farrell* v. *Massachusetts,* 407 U.S. 910 (1972); *Commonwealth* v. *Hogg,* 365 Mass. 290, 297 (1974); *United States* v. *Abraham,* 541 F.2d 1234, 1239-1240 (7th Cir. 1976), cert. denied, 429 U.S. 1102 (1977); *United States* v. *Smolar,* 557 F.2d 13, 21 (1st Cir.), cert. denied, 434 U.S.

971, and sub nom. *Vanasco* v. *United States*, 434 U.S. 866, and sub nom. *Woodrow* v. *United States*, 434 U.S. 966 (1977). The fact that the codefendant is willing to take the stand only at a separate trial does not require a severance, even though the codefendant's denial of participation in the alleged offenses might incidentally tend to cast doubt on the defendant's guilt. 2. The trial judge did not err in admitting in evidence the testimony of the witness Kierzner, nor did he err in denying the defendant's motions to declare a mistrial and to strike this testimony. The judge could have found that Kierzner's testimony was relevant because it constituted a link in the chain of evidence introduced at trial and had some tendency to show that the defendant was in possession of the stolen goods referred to in the indictment. See *Commonwealth* v. *Elwood, ante* 842 (1978). 3. The defendant's motion for a directed verdict was properly denied. From our examination of the whole record we conclude that there was sufficient circumstantial evidence from which the jury could have found that the defendant had been in possession of the stolen goods referred to in the indictment, with the knowledge that they had been stolen. See *Commonwealth* v. *Medeiros*, 354 Mass. 193, 196-199 (1968), cert. denied sub nom. *Bernier* v. *Massachusetts*, 393 U.S. 1058 (1969); *Commonwealth* v. *Labbe, ante* 73, 76 (1978). Contrast *Commonwealth* v. *Budreau*, 372 Mass. 641, 643-644 (1977). 4. The defendant's motion for an order prohibiting the Commonwealth from introducing evidence of prior convictions was properly denied. See *Commonwealth* v. *Chase*, 372 Mass. 736, 749-751 (1977); *Commonwealth* v. *Leno*, 374 Mass. 716, 717–719 (1978). Such evidence was admissible for impeachment purposes under G. L. c. 233, § 21. 5. We find no merit in the defendant's allegations of error concerning the charge to the jury. (a) The judge's recitation of the Massachusetts and Federal constitutional provisions from which stems the right of a defendant not to testify, amplified by the clear cautionary instruction to the jury to draw no adverse inference against the defendant from the fact that he did not take the witness stand, was proper. See *Lakeside* v. *Oregon*, 435 U.S. 333 (1978); *Commonwealth* v. *Morrissey*, 351 Mass. 505, 515 n.5 (1967). Contrast *Commonwealth* v. *Goulet*, 374 Mass. 404, 412–414 (1978). (b) The judge was not required to instruct the jury that the testimony of paid government informers be scrutinized with greater care than that of an ordinary witness. See *Commonwealth* v. *Whitcomb*, 12 Gray 126, 127 (1858); *Commonwealth* v. *Roberts*, 5 Mass. App. Ct. 881 (1977); *United States* v. *DeVincent*, 546 F.2d 452, 456 (1st Cir. 1976), cert. denied, 431 U.S. 903 (1977). Nor was he required to allude specifically in the charge to the defendant's contention that the Commonwealth's witnesses had lied on the witness stand See *Commonwealth* v. *Amazeen*, 375 Mass. 73, 81–82 (1978). The charge, taken in its entirety, sufficiently apprised the jury of their responsibility to assess carefully the credibility of each witness.

*Judgment affirmed.*

*Judith H. Mizner* for the defendant.

*Thomas E. Peisch*, Special Assistant District Attorney (*Margaret A. Corrigan*, Special Assistant District Attorney, with him) for the Commonwealth.