COMMONWEALTH *vs.* DENNIS P. RYAN. January 16, 1981. The defendant appeals from his conviction by a District Court judge on a complaint charging him with receiving a stolen drum of anti-freeze (G. L. c. 266, § 60). He claims that there was insufficient evidence that the drum of anti-freeze was, in fact, stolen or that he knew it was stolen and, therefore, his motions for a required finding of not guilty should have been allowed. He also claims that certain statements made by him over the telephone to the police after a warrant had been issued for his arrest should not have been admitted in evidence. There was no error.

The parties have filed an "Agreed Statement of Facts and Evidence". In reviewing the denial of the defendant's motions for a required finding of not guilty, we must consider whether the evidence as set forth in the agreed statement viewed "in the light most favorable to the Commonwealth [was] sufficient to permit" the fact finder to infer that the drum had been stolen. *Commonwealth* v. *Budreau,* 372 Mass. 641, 643 (1977).

On September 28, 1979, pursuant to a telephone order, the W. A. Wood Company, a manufacturer of anti-freeze and related products, delivered five barrels of oil and two of anti-freeze to a site in Somerville. Payment for the drums was by a check drawn on a nonexistent account. Five days later, on October 3, 1979, the defendant called an acquaintance who owned a garage in Cambridge and asked him if he would be interested in buying a drum of anti-freeze. When asked the price, the defendant was heard to inquire from another person and then stated that the price would be $125. At the time, the defendant thought "the going price was about $175." The Cambridge garage owner agreed to buy the drum, and the defendant and one Zanelli delivered it the same day. The defendant would not accept payment but insisted that his companion be the one to receive payment. The garage owner became suspicious and called the police. In the investigation which followed, a representative of the W. A. Wood Company identified the drum as one manufactured by his company, but he could not specify that it was one of the drums delivered to Somerville on September 28, 1979. Thereafter, the police obtained an arrest warrant for the defendant.

The defendant learned of the warrant and made a series of telephone calls to the police. In the course of these calls, he gave the police an address where they could find the other oil drums, indicated that Zanelli "was the man who had paid for the drums with a bogus check" and stated that he, the defendant, "wasn't going to take the blame for this whole thing . . . there were other people involved." He also said he couldn't afford to make restitution.

1. The statements made by the defendant over the telephone were admissible. The fact that an arrest warrant is outstanding does not make the interrogation custodial. *Commonwealth* v. *Smallwood*, 379 Mass. 878, 883-885 (1980). "[C]learly the defendant was not in custody. Hence, Miranda warnings were not required." *Id.* at 884. Moreover, the statements were freely and voluntarily given and were not the result of interrogation, custodial or otherwise. "There is no requirement that police stop a person who enters a police station and states that he wishes to confess to a crime, or a person who calls the police to offer a confession or any other statement he desires to make. Volunteered statements of any kind are not barred by the Fifth Amendment . . .." *Miranda* v. *Arizona*, 384 U.S. 436, 478 (1966).

2. The evidence was sufficient for the judge to infer that the drum delivered by the defendant and Zanelli on October 3, 1979, was stolen, and was part of the purchase by false check on September 28, 1979. The defendant's statement that Zanelli had passed the false check, his knowledge of the location of the other stolen barrels, his initiation of and participation in the sale of the drum at a price which he knew was below the going rate, his refusal to accept payment, and his insistence that he was not the sole culprit are sufficient to permit the fact finder to infer that the drum was stolen and that the defendant knew that fact. *Commonwealth* v. *Barrett*, 6 Mass. App. Ct. 952, 953 (1978). Contrast *Commonwealth* v. *Budreau*, 372 Mass. at 644.

*Judgment affirmed.*

*Martin S. Dansker* for the defendant.

*James W. Sahakian*, Assistant District Attorney, for the Commonwealth.