COMMONWEALTH *vs.* WILLIAM S. KAMEESE. February 15, 1983. The defendant, William S. Kameese, appeals his conviction for receiving stolen goods pursuant to G. L. c. 266, § 60, challenging the charge to the jury at his trial.[1] The defendant's appeal was entered in the Appeals Court, and we transferred the case to this court on our own motion. We reverse and remand for a new trial.

The complaint, dated June 2, 1981, charged the defendant with receiving jewelry stolen from one Rosalind Homes. Homes's jewelry was taken from her house on June 1, 1981. At trial, the main issue was that of the defendant's knowledge that the jewelry was stolen. The defendant, a jeweler, claimed that he purchased a ring and a bracelet from an unidentified man and woman at a bar for $250 on the evening of June 1, 1981. The next day, the defendant took the jewelry to the Rothmans, other jewelers of his acquaintance, who trade in gold, to leave the pieces for sale on consignment. The Rothmans called Homes and her son that afternoon, because they thought they would be interested in purchasing the pieces. Homes and her son identified the jewelry as two of the pieces stolen from their house.

---

[1] The defendant was sentenced to two years' imprisonment in a house of correction, six months to be served and the balance suspended until November 25, 1983.

The charge to the jury is similar to the charge reviewed in *Commonwealth* v. *Burns, ante* 178 (1983).[2]  For the reasons stated in *Commonwealth* v. *Burns,* the judgment is reversed, the verdict is set aside, and the case is remanded to the jury-of-six session for a new trial.

*So ordered.*

*Roger Witkin* for the defendant.

*Kevin J. Ross,* Legal Assistant to the District Attorney, for the Commonwealth.

---

[2] Although the defendant failed to object to the charge, we conclude that in this case there is a substantial risk of a miscarriage of justice; hence, we consider this issue. *Commonwealth* v. *Freeman,* 352 Mass. 556, 564 (1967).