COMMONWEALTH *vs.* FRANK BETTENCOURT. June 6, 1985. *Evidence*, Polygraphic test, Judicial discretion, Relevancy and materiality, Other offense.

At about 3:30 A.M., on Christmas morning in 1982, while the victim was asleep, an intruder entered her apartment, stabbed her repeatedly with a knife, and stole some of her property. The only observation she was able to make about her assailant at the scene was that he had rough hands. A grand jury indicted the defendant, a commercial fisherman with rough hands, for armed assault with intent to murder the victim, armed assault in her dwelling house, and burglary. A Superior Court jury found the defendant guilty on all three charges on the basis of evidence which, although almost entirely circumstantial, pointed strongly in the direction of the defendant's guilt. The defendant presented an alibi. The evidence, contrary to the defendant's assertion on appeal, was more than adequate to support the jury's finding of guilt beyond a reasonable doubt.

The defendant points to three evidentiary rulings of the trial judge which he claims were erroneous, any one of which, he says, was sufficiently prejudicial to require reversal. We have reviewed the rulings and the context in which they were made, and we perceive no prejudicial error.

1. *Polygraph.* Four days after the incident, the defendant went voluntarily to the New Bedford police station to answer questions. Over the course of

---

the six hours of interrogation he gave three mutually inconsistent accounts of his whereabouts and activities around the time of the incident. At some point during the questioning he requested that he be given a polygraph examination. In answer to questions during the test he recounted the third version of his whereabouts early on Christmas morning. That version was consistent with his trial testimony that he had fallen asleep in his own home at 10:00 P.M. on Christmas eve and hadn't awakened until the next morning at 10:00 A.M. By a pretrial motion, the defendant sought to have the jury made aware that the statement to the police incorporating the third version was given while he was taking a polygraph examination. The defendant concedes that the criteria for admission of polygraph results were not met. See *Commonwealth* v. *A Juvenile*, 365 Mass. 421 (1974); *Commonwealth* v. *Vitello*, 376 Mass. 426 (1978); *Commonwealth* v. *Moynihan*, 376 Mass. 468 (1978); *Commonwealth* v. *Martin*, 392 Mass. 161 (1984). He was not seeking to have the *results* admitted, however. He argues that the circumstances in which the statements were made are matters of which the jury should have been apprised. Presumably the jury would have placed more credence in the third version if they had known the defendant had voluntarily submitted to the polygraph.

We do not think that it would have been error to allow the jury to hear that the statement was made during the course of a polygraph examination. Mere reference to a polygraph before a jury is not reversible error. *Commonwealth* v. *Corcione*, 364 Mass. 611, 620 (1974). We think, however, that the matter fell within the judge's discretion. The information about the polygraph in this case had little or no probative value. There was no showing of any unusual physical aspects to the administration of the test. The jury would likely have been confused by the information and, if it caused them to speculate as to the *results* of the test, that speculation would have been improper. There was no abuse of discretion.

Alternatively, having been barred from mentioning the polygraph to the jury, the defendant argues that the police witnesses should have been barred from testifying as to the defendant's inconsistent statements. The logic of this argument escapes us. The statements, made voluntarily after the Miranda warnings were given, were properly admitted.

2. *Exclusion of evidence of the defendant's incarceration.* For several days prior to and including January 2, 1983, the defendant was incarcerated in connection with this case. On that date one of the victim's neighbors found, in the vicinity of the victim's apartment house, a license and some cards which had been in a purse taken in the robbery. On Christmas morning, the victim's aunt and a police officer had looked around the area and had found some of the victim's belongings. The defendant argues that it is likely that the items found on January 2, 1983, were not there on December 25, 1982, but were placed there while the defendant was incarcerated. Therefore, he argues, the evidence of his incarceration tended to prove his innocence.

We do not think it would have been error to admit this evidence. It had some slight tendency to show that someone other than the defendant might have committed the crime. See *Commonwealth* v. *Murphy*, 282 Mass. 593, 597 (1933); *Commonwealth* v. *Graziano*, 368 Mass. 325, 329 (1975); *Commonwealth* v. *Keizer*, 377 Mass. 264, 266-268 (1979). Whether evidence is legally relevant, however, is a question generally left in close calls to the discretion of the trial judge. *Commonwealth* v. *Chasson*, 383 Mass. 183, 187 (1981). What light the tendered evidence could shed on the defendant's guilt or innocence was minimal. Neither the precise area searched on Christmas morning nor the thoroughness of the search had been described by the witnesses. Absent such evidence, it would border on speculation to conclude that the culprit returned to the scene to deposit the papers some days after the incident. There was no abuse of discretion.

3. *Prior criminal acts.* (a) The victim's sister testified, over the defendant's objection, that the defendant had slashed the tires on her car on six occasions between two and four months prior to the incident involving the victim and that the defendant had been ordered by a court to pay restitution. The defendant and the victim's sister had been involved romantically with each other until some time before the tire slashings. Notes the defendant had written and phone calls he had made in the months before the Christmas incident were threatening and hostile towards both sisters.

Evidence of other crimes is not admissible to show that a defendant has a bad character or a criminal propensity, but it may be relevant and admissible for some other purpose. See *Commonwealth* v. *Leavitt*, 17 Mass. App. Ct. 585, 591-592, and cases cited at 591, cert. denied, 469 U.S. 835 (1984). Liacos, Massachusetts Evidence 418 (5th ed. 1981). Once relevance is established, the test for admissibility is whether the weight or importance of the evidence outweighs any possible prejudice. *Commonwealth* v. *Errington*, 390 Mass. 875, 881-882 (1984). The judge properly ruled the offered evidence relevant to the hostility the defendant bore towards the victim. *Commonwealth* v. *Pickles*, 364 Mass. 395, 399-400 (1973). *Commonwealth* v. *Greene*, 12 Mass. App. Ct. 982 (1981). We cannot say that it was so remote in time or so unconnected to the facts of the case that the judge committed error in admitting it.

(b) A police officer testified, over objection, to a statement made by the defendant in 1977 admitting that in 1976 he had broken into his brother's apartment and then broken a window latch to make it appear (falsely) that the culprit had entered through the window. There was evidence that the screen outside the victim's apartment had been cut to make it appear (falsely) that the culprit had entered through the window. The judge admitted the evidence about the 1976 break-in because, in his view, the similarity in the modus operandi had a tendency to prove that the same person committed both acts. Although the circumstances of the two offenses were not identical, we think they were sufficiently similar to justify the inference that they were the product of the same mind. The difficulty is the six-year interval

between the two offenses. See, however, *Calaway* v. *United States*, 408 A.2d 1220 (D.C. 1979) (eight-year gap), and *People* v. *Gay*, 230 Cal. App. 2d 102 (1964) (four-year gap). Although it is a close question, we think the matter rested within the discretion of the trial judge and that the discretion was not abused. *Commonwealth* v. *Wesley*, 6 Mass. App. Ct. 513, 515 (1978). *Commonwealth* v. *Madyun*, 17 Mass. App. Ct. 965, 966-967 (1983). The judge forcefully instructed the jury immediately before the evidence was introduced as to the limited purpose for which it was to be considered.

*Judgments affirmed.*

*Michael J. Zeman* for the defendant.

*Bernadette L. Sabra*, Assistant District Attorney (*Patricia O. Ellis*, Assistant District Attorney, with her) for the Commonwealth.