van Gestel, J.
This matter is before the Court on a motion by the defendant, Vittorio Montefusco (“Montefusco”), seeking to dismiss the indictments against him for failure to provid him with a trial thereon within the time mandated by the Interstate Agreement on Detainers. Spec. L.c. SI 15 (Appendix to G.L.c. 276) (the “IAD”).
BACKGROUND
Article 111(a) of the IAD mandates that the prisoner to which it applies “shall be brought to trial within one hundred eighty days after he shall have caused to be delivered to the prosecuting officer and the appropriate court of the prosecuting officer’s jurisdiction written notice of his place of imprisonment and his request for a final disposition to be made of the indictment...”
The record in this case reflects that Montefusco, on December 18, 1996, was indicted by an Essex County Grand Jury. Apparently, he was then deported from the United States on January 15, 1997. In November of 1997, Montefusco was arrested at a Vermont border crossing and charged with attempting to re-enter this country. He was convicted of the Federal charges and sentenced to a 77-month term at the Federal Correctional Institution Beckley (“FCI Beckley”), Beaver, West Virginia.
Montefusco, while incarcerated at FCI Beckley and upon learning of the indictments challenged here, started the process under the IAD to resolve those indictments. To that end, on April 12, 1999, Montefusco endorsed an acknowledgment of receipt of a NOTICE OF UNTRIED INDICTMENT, pre-dated April 7, 1999. On the form, Montefusco checked the box beside the pre-printed words: “Inmate wants to file under Article III.”
Presumably also on April 12, 1999,[1] Montefusco executed a form (BP-S236.051) directed to the Assistant District Attorney handling this case, providing the required information regarding his place of imprisonment and requesting that final disposition be made on the four indictments here in issue.
At some time thereafter, the form (BP-238) being dated April 30, 1999, the Warden at FCI Beckley completed an AGREEMENT ON DETAINERS CERTIFICATE OF INMATE STATUS.
By letter dated May 5, 1999, the Inmate Systems Manager at FCI Beckley wrote to the Essex County District Attorney regarding Montefusco’s actions and enclosed the necessary forms under the IAD process, including “BP-Forms 236, 238, 239.” As noted above, Form 236 was Montefusco’s April 12, 1999 request addressed to the Assistant District Attorney in charge of this case, and Form 238 was the Warden’s certificate of inmate status dated April 30, 1999. Form 239 is another Federal form entitled IAD-OFFER TO DELIVERY [sic] TEMPORARY CUSTODY.
Montefusco was not brought back to Massachusetts until October 25, 1999 and was not arraigned until October 28, 1999. He has not yet been tried on these indictments.
On October 25, 1999, Montefusco, acting pro se, filed a motion to dismiss his outstanding indictments for failure to comply with the time requirements of the IAD. On November 18, 1999, Montefusco’s court-appointed counsel filed an affidavit and a memorandum in support of his motion to dismiss.
DISCUSSION
As noted above, Art. 111(a) of the IAD directs that the prisoner, who has made the requisite request and filed *664 the correct forms, “shall be brought to trial within one hundred eighty days.” The Court must, therefore, first determine the date upon which the 180-day clock begins to run.
The Commonwealth correctly concedes that the 180-day period commences when a defendant files his request with the correctional authorities in the sending State, and not when those authorities forwarded the request to the receiving State . . . [W]e agree with the majority of jurisdictions that have addressed the issue that a prisoner need only transmit the written notice and request for final disposition to the appropriate custodial officials in order to fulfil completely his responsibility under the agreement.
Commonwealth v. Martens, 398 Mass. 674, 677 (1986).
The documentation filed with Montefusco’s pro se motion and the memorandum of his attorney, as well as Montefusco’s November 2, 1999 affidavit in support of his motion, enables this Court to set the starting date at least as early as April 12, 1999. That was the date upon which Montefusco executed the notice and request for final disposition of the indictments and delivered it to the appropriate custodial officials at FCI Beckley.[2] Montefusco has met his burden on this key issue.
The Commonwealth, in opposing Montefusco’s motion, argues that before his indictments can be dismissed because the 180-day period has expired, he must show that the delay caused him some prejudice.[3] This Court disagrees, noting Commonwealth v. Green, 353 Mass. 687 (1968). In Green the court, at 690, said:
The Commonwealth argues that the defendant has not shown that the delay was to his prejudice. Under the analogous mandate of the Sixth Amendment of the Constitution of the United States, it has been held that prejudice need not be affirmatively shown . . . Prejudice is necessarily inherent in any long delay.
The Reporter’s Notes to Mass.R.Crim.P. Rule 36(d)(3) observe that the IAD “gives substance to the rights of prisoners and is to be read as a complement to” Rule 36(d)(3). IAD Art. III(d) states that if “trial is not had on any indictment . . . contemplated hereby prior to the return of the prisoner to the original place of imprisonment, such indictment. . . shall not be of any force or effect, and the court shall enter an order dismissing the same with prejudice.”
All things considered, this Courtis of the belief that, under the facts as they exist here, it has no choice but to order the dismissal of the four indictments in issue, there having been no trial thereon within 180 days from the date of the first request therefor by the defendant.
ORDER
For the foregoing reasons, the defendant’s motion to dismiss is ALLOWED, and the indictments herein are dismissed with prejudice.

 Again, the Federal form (BP-S236.051) was pre-dated April 7, 1999.

 The Commonwealth quibbles with the Court’s use of the copies of the various Federal IAD forms to establish this date. The forms, however, are such that a facial examination thereof suggests the high unlikelihood that they are anything but true copies of the originals, all of which are in the possession of the custodial officials at FCI Beckley and the District Attorney in Essex County. Their authenticity could be readily established — at some considerable cost to the Commonwealth — by an evidentiary hearing. Further, there is an affadavit signed by Montefusco that corroborates much of what is in the forms. In the absence of a counter-affadavit or some other proffer of evidence by the District Attorney’s Office, this Court is quite comfortable that its determination of the starting date is not erroneous. See, e.g., Commonwealth v. French, 357 Mass. 356, 401 [A-14] (1970); Kahn v. Pacific Mills, 311 Mass. 588, 590 (1942); Germain v. Raad, 297 Mass. 73, 75 (1937); Commonwealth v. Devereaux, 257 Mass. 391, 395 (1926).

 The Commonwealth cites Commonwealth v. Ferreira, 26 Mass.App.Ct. 67 (1988). This Court does not find Ferreira controlling because the defendant there — unlike Montefusco here- — never made the appropriate IAD request and demand for dispostion of his indictment.