## Commonwealth *vs.* Robert Gore.

No. 08-P-2067.

Bristol. December 13, 2010. - July 8, 2011.

Present: Cypher, Kantrowitz, & Berry, JJ.

*Constitutional Law,* Speedy trial, Delay in commencement of prosecution. *Practice, Criminal,* Speedy trial, Delay in commencement of prosecution.

The criminal defendant was entitled to relief from conviction where a delay of twelve and one-half years between the filing of a complaint against him and his trial presumptively prejudiced him, where the portion of the delay attributable to the Commonwealth's negligence far exceeded the threshold needed to state a claim of lack of speedy trial, and where the presumption of prejudice was neither extenuated by the defendant's acquiescence nor persuasively rebutted by the Commonwealth. [747-750]

Complaint received and sworn to in the New Bedford Division of the District Court Department on October 25, 1995.

The case was tried before *Thomas S. Barrett,* J., and a motion for a new trial, filed on March 2, 2009, was heard by him.

*Michael J. Fellows* for the defendant.

*Shoshana E. Stern,* Assistant District Attorney, for the Commonwealth.

Cypher, J. This appeal involves a twelve and one-half year delay between the filing of a complaint charging the defendant, Robert Gore, with two counts of indecent assault and battery on a child under fourteen years of age, and the trial.[1] The complaint issued in the New Bedford Division of the District Court Department on October 25, 1995. It appears that the defendant was not aware of the charges at that time. On November 2,

---

[1] The complaint originally charged two counts of rape of a child by force, G. L. c. 265, § 22A, and two counts of indecent assault and battery on a child under fourteen years of age, G. L. c. 265, § 13B. Before trial in 2008, the charges of rape were reduced to indecent assault and battery on a child under fourteen years of age, and those charges subsequently were dismissed.

1995, a warrant issued for the defendant. On April 14, 1997, the defendant was charged in Pawtucket, Rhode Island, with a variety of offenses, including assault by means of a dangerous weapon (a cord) and assault by means of a dangerous weapon (his hands) with intent to murder.

On April 24, 1997, an officer of the Pawtucket, Rhode Island police department filed a "Fugitive Complaint" against the defendant, attesting that the defendant: "HAS FLED FROM JUSTICE IN THE STATE OF Massachusetts AND THAT (a) THE DEFENDANT IS CHARGED WITH COMMITTING THE CRIME OF Rape of child by force ON 10-25, 1995" and that "THE STATE OF Massachusetts HAS GIVEN ASSURANCE THAT THEY WILL IMMEDIATELY COMMENCE RENDI-TION PROCEEDINGS AND WILL EXTRADITE THE . . . DEFENDANT TO THE DEMANDING STATE." On the same day, the defendant was arraigned on that complaint in a Rhode Island court, was advised of his rights, and chose not to waive extradition.[2]

It appears that on May 23, 1997, a hearing was conducted in the Rhode Island court in which a representative of the district attorney's office said, "I am confirming from a paralegal that New Bedford, Mass., wants this person. I am just waiting for a call." The defendant was brought to court again on June 30, 1997, and July 14, 1997, on the fugitive complaint. In another hearing on August 20, 1997, the judge apparently told the defendant that "Massachusetts is not going to come and get you because you haven't waived extradition, and we don't have a pending governor's warrant and we can't release you until your pending felonies are taken care of." In March, 1999, the fugitive complaint was dismissed. The record shows no further action by the Commonwealth until December 18, 2006, when it applied for a governor's warrant.

The State of Rhode Island tried the defendant on its charges beginning on February 22, 1999; on March 2, 1999, a jury con-victed the defendant. He received consecutive sentences of twenty and thirty years, with twelve years to serve, and eight

---

[2]When trial counsel for the defendant moved to dismiss the complaint in 2008 because of the delay in bringing the defendant to trial, he was not aware of the facts concerning the fugitive from justice complaint, including any communication from the office of the district attorney for the Bristol district.

and eighteen years suspended, and eight and eighteen years of probation upon release.

On November 14, 2006, the defendant was notified that he would be paroled. On December 8, 2006, a Rhode Island State trooper informed a representative of the office of the district attorney for the Bristol district in Massachusetts that Rhode Island had the defendant in custody on an outstanding warrant from Massachusetts. On December 14, 2006, the defendant refused to waive extradition. On December 18, 2006, the district attorney for the Bristol district applied for a warrant from the governor of Rhode Island. The warrant issued on January 22, 2007, and on January 30, 2007, the governor of Rhode Island ordered that the defendant be extradited to Massachusetts.

The defendant was arraigned in the New Bedford Division of the District Court Department on February 16, 2007. On February 1, 2008, the defendant filed a motion to dismiss, claiming that his rights to a speedy trial under the Sixth Amendment to the United States Constitution and art. 11 of the Massachusetts Declaration of Rights had been violated. After a hearing, the motion was denied on March 10, 2008.

Trial began on April 25, 2008, twelve and one-half years after the initial filing of the complaint, and on April 28, 2008, a jury convicted the defendant. On May 12, 2008, the trial judge sentenced the defendant to two consecutive terms of two and one-half years in the house of correction. The defendant filed a motion for new trial on March 2, 2009, based in part on the denial of his right to a speedy trial; the judge who had presided at trial denied the motion on July 13, 2009. The defendant's appeals from the judgments and the order denying his motion for new trial were consolidated.

*Discussion.* The United States Supreme Court has established a nonexhaustive four-factor test to determine whether a defendant's right to a speedy trial under the Sixth Amendment has been violated: (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of the right; and (4) prejudice to the defendant. *Barker* v. *Wingo*, 407 U.S. 514, 530 (1972).[3] Massachusetts applies the same test when analyzing claims

---

[3]Other contextual considerations might include the seriousness of the crime and the complexity of the case. See *Barker* v. *Wingo*, *supra* at 531.

under art. 11 of the Massachusetts Declaration of Rights. *Commonwealth* v. *Look*, 379 Mass. 893, 897-898, cert. denied, 449 U.S. 827 (1980). In 1992, the United States Supreme Court held that when there has been an excessive or extraordinarily long delay caused primarily by government negligence, prejudice may be presumed. *Doggett* v. *United States*, 505 U.S. 647, 655, 657-658 (1992) (*Doggett*). In such circumstances, unless the defendant acquiesced to the delay or the Commonwealth can rebut the presumption of prejudice, the defendant is entitled to relief. *Id.* at 658.

We think it beyond argument that the twelve and one-half year delay was extraordinary. See *Barker* v. *Wingo, supra* at 530-531. "[E]xcessive delay presumptively compromises the reliability of a trial in ways that neither party can prove or, for that matter, identify." *Doggett, supra* at 655. See *Commonwealth* v. *Green*, 353 Mass. 687, 689 (1968) (twelve year delay where Commonwealth took no action to bring defendant to trial resulted in dismissal of indictments under art. 11).

The Commonwealth argues that the *Doggett* decision is distinguishable because the defendant in *Doggett* did not know of the charges and could not assert a right to speedy trial, but that here, the defendant was aware of the charges and so his failure to assert his speedy trial right, a failure reinforced by his refusal to waive extradition, should be considered a significant factor in the analysis. See *Doggett, supra* at 653. Accordingly, the Commonwealth urges us to require that the defendant establish that he has been prejudiced from the delay. We disagree. The defendant's assertion of the right is a factor to consider; however, the defendant is not responsible for bringing himself to trial. See *Barker* v. *Wingo, supra* at 527 ("A defendant has no duty to bring himself to trial").

The defendant's decision not to waive extradition in April, 1997, when the Rhode Island court issued the fugitive complaint does not mean that he waived his speedy trial right for eleven years. It would have been a relatively simple matter for the Commonwealth to obtain a governor's warrant, as it did successfully in January, 2007. Although there is certainly no indication that the Commonwealth attempted to thwart the defendant's right to a speedy trial, and while negligence by the government weighs less

heavily than a deliberate attempt to delay trial, the ultimate responsibility rests with the government. See *id.* at 531.

The Commonwealth also argues that this case is controlled by *Commonwealth* v. *Ferreira*, 26 Mass. App. Ct. 67 (1988), where the defendant twice refused to waive extradition. *Id.* at 69-70. We concluded in *Ferreira* that the defendant was not prejudiced by a delay of two years, where the Commonwealth did not properly comply with the Interstate Agreement on Detainers, because he had been able to move from a maximum to a minimum security setting and to obtain work release, furlough privileges, and ultimately parole, none of which would have been available to him had the detainer been lodged. *Id.* at 69-71. We do not think that *Ferreira* controls this case. *Ferreira* concerned a two-year delay, not an extraordinary delay of more than twelve years. Moreover, *Ferreira* predates *Doggett*'s holding concerning the impact of extraordinary delay on the speedy trial analysis. See *Doggett, supra* at 657-658.

In the circumstances of this case, prejudice is presumed from the twelve and one-half year delay.[4] "[T]he right to a speedy trial contemplates that the Commonwealth will take reasonable action to prevent undue delay in bringing a defendant to trial." *Commonwealth* v. *McGrath*, 348 Mass. 748, 752 (1965). Furthermore, even a "mere" nine year and ten month delay between the defendant's choice not to waive extradition and the Commonwealth's application for a governor's warrant is not reasonable, where the Commonwealth was aware of the defendant's location.

Even though we presume prejudice, "such presumptive prejudice cannot alone carry a Sixth Amendment claim without regard to the other *Barker* [v. *Wingo*] criteria[;] it is part of the mix of relevant facts, and its importance increases with the length of delay." *Doggett, supra* at 656 (citation omitted). Here, as in *Doggett*, where the portion of the delay attributable to the Commonwealth's negligence far exceeds the threshold[5] needed

[4]Even if the defendant were required to establish prejudice, however, we think such prejudice is readily apparent, as the defendant faced witnesses with memory problems, missing witnesses, and unavailable documentation. The Commonwealth's argument that some of the memory problems were the defendant's misses the mark.

[5]This threshold has been described as the difference between ordinary delay and presumptively prejudicial delay. See *Doggett*, 505 U.S. at 656-658.

to state a speedy trial claim, and where the presumption of prejudice is neither extenuated by the defendant's acquiescence nor persuasively rebutted by the Commonwealth, the defendant is entitled to relief. See *id.* at 658.[6]

> *Judgments reversed.*
>
> *Verdicts set aside.*
>
> *Judgments shall enter for the defendant.*

---

[6]In light of the result we reach, we need not consider the defendant's other issue.